MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
SCOTT A. BROOKS (SBN 160115)
sbrooks@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
mgordon@maternlawgroup.com
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

JAMES M. FINBERG (SBN 114850)
jfinberg@altber.com
EILEEN B. GOLDSMITH (SBN 218029)
egoldsmith@altber.com
ERIC P. BROWN (284245)
ebrown@altber.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064

Attorneys for Plaintiff Howard Fan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

HOWARD FAN, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

DELTA AIR LINES, INC., a Delaware corporation; and DOES 1-50, inclusive,

Defendants.

CASE NO.

**CLASS ACTION COMPLAINT FOR:**

1) FAILURE TO PAY OVERTIME WAGES [Cal. Labor Code §§ 510, 1194]
2) FAILURE TO PAY TIMELY WAGES [Cal. Labor Code § 204]
3) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS [Cal. Labor Code § 226]
4) FAILURE TO MAINTAIN REQUIRED RECORDS [Cal. Labor Code §§ 226, 1174]
5) FAILURE TO PAY ALL WAGES DUE TO DISCHARGED AND QUITTING EMPLOYEES [Cal. Labor Code § 203]
6) UNFAIR AND UNLAWFUL BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200 *et seq.*]

7) REPRESENTATIVE ACTION FOR CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 [Cal. Labor Code § 2698 *et seq.*]

**DEMAND FOR JURY TRIAL**

## PRELIMINARY ALLEGATIONS

1. Plaintiff Howard Fan brings this California class action against Delta Air Lines, Inc. ("Delta"). As explained below, Delta systematically denies its employees the overtime compensation to which they are entitled under California law. In particular, Delta fails to take into account all required forms of compensation when calculating the "regular rate" upon which employees' overtime compensation is to be determined under California law.

2. Under California law, overtime hours worked must be compensated with premium pay that is calculated as a multiple of the employee's "regular rate" of pay. California mirrors the federal Fair Labor Standards Act ("FLSA") with respect to the calculation of the "regular rate" for overtime purposes. The FLSA defines the "regular rate" of pay to include "all remuneration for employment paid to, or on behalf of, an employee," with certain exceptions not relevant here. 29 U.S.C. § 207(e); *see also* 29 C.F.R. §§ 778.108, 778.109, 778.208. Accordingly, the "regular rate" of pay for purposes of calculating overtime premiums due under California law includes the total remuneration for the employee's employment, including but not limited to wages or salary, non-discretionary bonuses based on productivity, efficiency, performance or attendance; profit-sharing payments; premium payments, such as shift differentials for less desirable shifts; and payments other than cash, such as the fair market value of goods provided to employees by the employer.

3. Delta's overtime violations are clear on the face of the company's own payroll records. The wage statements issued to Plaintiff Howard Fan and other similarly situated employees reflect several forms of compensation – shift differential pay, Shared Rewards payments (a non-discretionary bonus), profit-sharing payments, and the fair market value of pass travel privileges and Travel Companion Passes (in-kind compensation that Delta treats as taxable

income to the employee) – that Delta does not include in calculating its employees' regular rate of pay for purposes of determining overtime compensation due to them.  By excluding these forms of remuneration from its calculations of employees' overtime premiums, Delta has systematically underpaid its employees for their overtime hours worked.

4. Determining which employees' overtime pay was miscalculated, and by how much, can be done solely from Delta's payroll records because those records show the (1) total hours worked at both the straight-time rate of pay and any applicable overtime rate paid by Delta, (2) all forms of additional compensation earned during the pay period (including shift differentials, bonuses, and other benefits), and (3) rates of pay at both the straight-time rate and overtime rates actually paid.

5. In addition to overtime claims arising from Delta's failure to pay the full amounts of overtime premiums that are due, Plaintiff Fan also brings several derivative state law claims arising from Delta's overtime violations.  Because Delta has systematically failed to pay the full amounts of overtime premiums that are due under California law, the company has also failed to pay wages due on a timely basis, Cal. Labor Code § 204; failed to provide accurate wage statements to its employees, *id.* § 226; failed to keep required records, *id.* §§226, 1174; willfully failed to pay all wages due to employees whose employment with Delta has terminated, *id.* §203; and committed unlawful and unfair business practices, Cal. Bus. & Prof. Code § 17200.  Plaintiff Fan seeks class certification of these California state law claims under Fed. R. Civ. P. 23.  Plaintiff also seeks to recover civil penalties for these and other Labor Code violations pursuant to the Labor Code Private Attorneys' General Act, Cal. Labor Code §§2698-2699 *et seq.*

**THE PARTIES**

6. Plaintiff Howard Fan is an individual residing in Temple City, California.

7. Upon information and belief, defendant Delta Air Lines, Inc. ("Delta") is a Delaware corporation whose principal place of business is in Georgia.  Defendant Delta does business in the State of California.

8. Plaintiff does not know the names of the Defendants sued as Does 1 through 50, but will amend this complaint when that information becomes known.  Plaintiff alleges on

information and belief that each of the Doe Defendants is affiliated with the named Defendant in some respect and is in some manner responsible for the wrongdoing alleged herein, either as a direct participant, or as the principal, agent, successor, alter ego, or co-conspirator of Delta. Herein, Plaintiff refers to Delta and the Doe defendants collectively as "Defendants."

9. At all relevant times herein, Plaintiff and putative class members were employed by Defendants under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying Plaintiff and putative class members all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums due, failing to pay wages due on a timely basis, and failing to provide accurate itemized statements for each pay period, in violation of the California Labor Code and applicable California Industrial Welfare Commission ("IWC") Orders.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over the claims in this case under the Class Action Fairness Act, 28 U.S.C. §1332(d). Plaintiff is a resident of California, and Defendant Delta is a resident of Delaware and Georgia. The amount in controversy exceeds $5,000,000 in the aggregate.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant Delta does business and resides in this district within the meaning of 28 U.S.C. § 1391, and a substantial part of the events or omissions giving rise to the class claims arose in this district within the meaning of 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12. Plaintiff Howard Fan was employed by Defendant Delta as a customer service agent at Los Angeles International Airport from September 2010 until August 2018.

13. Throughout Plaintiff Fan's employment with Delta, Delta had a uniform policy and practice of failing to include, in its calculation of employees' "regular rate of pay" for determination of overtime premiums, multiple forms of employee compensation, including shift differential payments, "Shared Rewards" bonuses, profit-sharing payments, and the fair market

value of airline travel using pass travel privileges and Travel Companion Passes provided to Delta employees.

14. On information and belief, throughout the class period, Delta has had a policy and practice of paying shift differentials to class members for each hour worked on afternoon and night shifts. These shift differentials are supplements to the employee's straight-time hourly rate of pay, which are paid for each hour worked by the employee on the afternoon or night shifts.

15. On information and belief, throughout the class period, Delta has had a policy and practice of providing class members additional compensation through the Shared Rewards program. Pursuant to the Shared Rewards program, class members earned a cash bonus if Delta's company-wide operations met or exceeded pre-determined standards in three areas: baggage handling, completion factor (defined as the number of flights flown as compared to flights scheduled for the month), and on-time arrivals. Shared Rewards bonuses were paid on a monthly basis and were also reflected on an employee's wage statement for the pay period in which they were paid. Under the written terms of the Program, Delta employees were automatically entitled to the bonuses in specified amounts if certain operational metrics were met or exceeded. Shared Rewards payments were made on a company-wide basis, with all eligible employees receiving the same amount.

16. On information and belief, throughout the class period, Delta also provided additional compensation to class members pursuant to Delta's profit-sharing plan. Under Delta's profit-sharing plan, employees were paid additional compensation according to a predetermined formula based on Delta's profits and the hours an employee worked during the year. Additional compensation under the profit-sharing plan was paid to class members on a yearly basis. Additional compensation under the profit-sharing plan also appears on an employee's wage statement for the pay period in which it is paid.

17. On information and belief, throughout the class period, Delta has had a policy and practice of providing additional compensation to class members in the form of pass travel privileges and Travel Companion Passes. These Passes are made available to Delta employees, who may use them themselves, or provide them to friends or family, for free or reduced-fare travel

on Delta Air Lines flights. On information and belief, Delta treats the fair market value of these travel benefits as taxable compensation to the employee, which is subject to payroll tax deductions. On information and belief, Delta does not include the fair market value of this in-kind compensation in the employee's remuneration for purposes of calculating the employee's regular rate of pay for determining overtime premiums.

18. As a result of Delta's uniform policies and practices set forth herein, Plaintiff Fan suffered systematic underpayment for overtime hours that he worked.

19. On numerous occasions during the class period, Plaintiff Fan worked overtime hours and also earned shift differentials, but his regular rate of pay was calculated based solely on his straight-time wage rate. For example, during the pay period ending February 23, 2018, Fan worked 1 hour of overtime, but was underpaid because Delta did not include afternoon shift differential pay that he earned during that pay period in its calculation of his regular rate for purposes of determining his overtime premium. For the pay period ending April 6, 2018, Fan worked 1 hour of overtime, but was underpaid because Delta did not include Shared Rewards payments in the calculation of his overtime pay. For the pay period ending May 11, 2018, Fan worked .90 hours of overtime, but was underpaid because Delta did not include afternoon and night shift differential pay in the calculation of his overtime pay. Similarly, during the pay period ending August 14, 2018, Fan worked 1.25 hours of overtime, but was underpaid because Delta did not include afternoon and night shift differential pay that he earned during that pay period in its calculation of his regular rate for purposes of determining his overtime premium. Instead, in each instance, Delta calculated Fan's overtime pay premium during that period based solely on his straight-time hourly rate.

20. Delta also did not include Shared Rewards bonuses and profit-sharing payments in its calculation of Plaintiff Fan's overtime pay in any pay period. For example, during his employment with Delta in 2018, Plaintiff Fan earned $500.00 in Shared Rewards bonuses and $3,363.04 in profit-sharing payments. However, Delta never recalculated Fan's overtime compensation earned in 2018 to account for those payments, which were part of the overall remuneration paid to Plaintiff Fan.

21. Delta also did not include the fair market value of Plaintiff Fan's use of Delta's pass travel privileges and Travel Companion Passes in the calculation of Plaintiff Fan's overtime pay in any pay period. For example, Plaintiff Fan frequently took international flights using Delta's pass travel privileges during the class period, and Delta included the fair market value of those benefits in Fan's taxable income that was subject to payroll tax withholding. However, Delta never included the fair market value of those flights in the calculation of Plaintiff Fan's regular rate of pay for overtime purposes.

22. Delta's continued failure and refusal to include all forms of remuneration at issue in this action in calculating the "regular rate" for purposes of determining overtime compensation owed to Plaintiff and class members is knowing, willful, and intentional. In a previous action, *Lopez v. Delta Air Lines, Inc.*, C.D. Cal. Case No. 2:15-cv-07302-SVW-SS, Delta was alleged to have unlawfully failed to include shift differentials, Shared Rewards bonuses, and profit-sharing payments in its calculation of California employees' regular rate for purposes of determining overtime compensation owed to its ground employees in California. In that action, Delta did not dispute that it should have included shift differentials and Shared Rewards bonuses in the regular rate calculation. Delta settled the *Lopez* action on a behalf of a class of all California-based non-exempt employees except pilots and flight attendants, for a class period ending on June 30, 2017. However, after that settlement, Delta did not change, and still has not changed, its practice of excluding shift differentials and Shared Rewards bonuses from the regular rate calculation.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this lawsuit as a class action under Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following Class: "All individuals who, at any time on or after July 1, 2017, were employed by Delta in non-exempt positions in California, except pilots and flight attendants." The members of the proposed class may be ascertained from Defendants' business records. Plaintiff reserves the right to modify this class definition.

///

///

///

24.     This action is appropriately suited for class treatment because:

    a.     The proposed class is a significant number. Plaintiff is informed and believes, and thereon alleges, that the proposed class numbers well over 100 members. Joinder of all current and former employees individually would be impractical.

    b.     This action involves questions of law and fact common to the potential class because the action focuses on Defendants' systematic course of illegal payroll practices and policies, which was applied to all non-exempt California employees in violation of the California Labor Code, the applicable IWC wage order, and the California Business and Professions Code. In particular, common questions include, but are not limited to whether shift differentials, non-discretionary bonuses, and other forms of compensation must be included in the regular rate of pay for purposes of calculating overtime due under the California Labor Code; whether the fair market value of airline travel using Delta's pass travel privileges and Travel Companion Passes must be included in the regular rate of pay for purposes of calculating overtime due under the California Labor Code; whether Defendants' failure to pay overtime wages due resulted in a failure to pay wages on a timely basis; whether Defendants' failure to accurately calculate employees "regular rate" resulted in a failure to provide employees accurate wage statements; whether Defendants' failure to accurately calculate employees "regular rate" resulted in a failure to keep required records; whether Defendants' failure to accurately calculate employees "regular rate" resulted in a failure to pay employees whose employment with Delta terminated all wages owed upon termination; whether Defendants' conduct constitutes an unlawful, unfair, or fraudulent business act or practice; and the appropriate remedies for Defendants' conduct.

    c.     Plaintiff's claims are typical of the class because Defendants subjected all class members to identical violations of the California Labor Code, the applicable IWC wage order, and the California Business and Professions Code.

    d.     Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to the class for all services rendered and hours worked. Plaintiff has no interests that are adverse to those of the proposed class members.

25. A class action is superior to other methods for resolving this controversy. Because the amount of damages to which each class member may be entitled is low in comparison to the expense and burden of individual litigation, it would be impracticable for members of the class to redress the wrongs done to them without a class action. Class certification will not present any significant management difficulties.

26. Class certification would also conserve judicial resources and avoid the possibility of inconsistent judgments. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants. As a practical matter, adjudication with respect to individual class members would be also dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

27. Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

**FIRST CAUSE OF ACTION**

(Failure to Pay Overtime Wages – Cal. Labor Code §§ 510, 1194, 1198;
IWC Wage Order No. 9-2001, § 3)

28. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

29. Pursuant to California Labor Code §§ 510, 1194, 1198, and IWC Wage Order No. 99-2001, § 3, Defendants are required to compensate Plaintiff and class members for all overtime, which is calculated at one and one-half (1.5) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, and at double time (2.0) for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

30. The "regular rate" of pay includes the total remuneration for one's employment, including but not limited to wages or salary; commissions; bonuses based on productivity,

efficiency, performance or attendance; profit-sharing payments; premium payments, such as shift pay differentials; and the fair market value of goods provided by the employer to employees as part of employees' compensation. Defendants failed to include shift differential pay, non-discretionary bonuses, such as profit-sharing and Shared Rewards, and the fair market value of airline travel using pass travel privileges and Travel Companion Passes, in the calculation of the regular rate, and, thus, failed to accurately calculate and pay Plaintiff and class members for all overtime.

31. Plaintiff and class members are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001. During the class period, Defendants failed to compensate Plaintiff and class members for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1.5) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3; failing to provide accurate itemized wage statements to Plaintiff and class members for each pay period; and other methods to be discovered.

32. In violation of California law, Defendants have knowingly and intentionally refused to perform their obligations to compensate Plaintiff and class members for all wages earned and all hours worked. As a proximate result, class members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

33. Defendants' conduct described herein violates California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, Plaintiff and class members are entitled to recover the unpaid balance of wages owed to them by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

(Failure to Pay Timely Wages – Cal. Labor Code § 204)

34. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

35. Pursuant to California Labor Code § 204, for all labor performed between the 1st and 15th days of any calendar month, Defendants are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, Defendants are required to pay their nonexempt employees between the 1st and 10th day of the following calendar month. In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

36. During the class period, Defendants knowingly and willfully failed to pay Plaintiff and class members all the wages they earned when due as required by California Labor Code § 204.

37. Pursuant to California Labor Code § 210, failure to pay the wages of each employee as provided in California Labor Code § 204 will subject Defendants to a civil penalty of: (1) one hundred dollars ($100) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

38. Defendants' conduct described herein violates California Labor Code § 204. As a proximate result of the aforementioned violations, Plaintiff and class members have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 558, 1194, 1197.1, 2699, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff and class members are entitled to recover the unpaid balance of wages owed to them by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///
///

**THIRD CAUSE OF ACTION**

(Failure to Furnish Accurate Itemized Wage Statements – Cal. Labor Code § 226; IWC Wage Order No. 9-2001, § 7)

39. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

40. During the class period, Defendants routinely failed to provide Plaintiff and class members with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 9-2001, § 7.

41. During the class period, Defendants knowingly and intentionally failed to provide Plaintiff and class members with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

42. As a proximate result of Defendants' unlawful actions and omissions, Plaintiff and class members have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, Plaintiff and class members are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

**FOURTH CAUSE OF ACTION**

(Failure to Maintain Required Records -- Cal. Labor Code §§ 226, 1174; IWC Wage Order 9-2001 § 7)

43. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

44. During the class period, as part of Defendants' illegal payroll policies and practices set forth herein, Defendants knowingly and intentionally failed to maintain records as required by California Labor Code §§ 226 and 1174, and IWC Wage Order 9-2001 § 7, including but not limited to applicable rates of pay for all hours worked, and accurate itemized wage statements.

45. As a proximate result of Defendants' unlawful actions and omissions, Plaintiff and

class members have been damaged in an amount according to proof at trial, and are entitled to all wages due and interest thereon. Additionally, Plaintiff and class members are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided by California Labor Code § 226(e), as well as other available remedies.

## FIFTH CAUSE OF ACTION

(Willful Failure to Pay All Wages Due to Discharged or Quitting Employees -- Cal. Labor Code § 203)

46. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

47. Pursuant to California Labor Code §§ 201, 202, and 203, Defendants are required to pay all earned and unpaid wages to an employee whose employment is terminated for any reason.

48. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

49. California Labor Code § 202 mandates that if an employee quits his employment, the employer must pay all wages accrued and unpaid at the time the employee quits within 72 hours after the employee quits, unless the employee provided at least 72 hours notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

50. California Labor Code § 203 provides that if an employer willfully fails to pay any wages owed to an employee in accordance with Labor Code §§ 201 and 202, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

51. During the class period, Defendants have willfully failed to pay accrued and unpaid wages owed to Plaintiff and class members whose employment has terminated, in accordance with California Labor Code §§ 201 and 202.

52. As a result, Plaintiff and class members are entitled to all statutory penalties,

including the waiting time penalties set forth in California Labor Code § 203, together with interest thereon, as well as other available remedies.

**SIXTH CAUSE OF ACTION**

(Unfair and Unlawful Business Practices – Cal. Bus. & Prof. Code § 17200 et seq.)

53. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

54. Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to Defendants' failure and refusal to pay overtime compensation; Defendants' failure and refusal to pay timely wages; and Defendants' failure and refusal to furnish accurate itemized wage statements, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 *et seq*.

55. Defendants' violations of California wage and hour laws constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and class members.

56. Defendants have avoided payment of overtime wages and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

57. As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the class period at the expense of Plaintiff, class members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and class members.

58. Defendants' unfair and unlawful business practices entitle Plaintiff and class members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff and class members the wages unlawfully withheld from them. Plaintiff and class members are entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial, but

in excess of the jurisdiction of this Court.

**SEVENTH CAUSE OF ACTION**

(Representative Action for Civil Penalties Under the California Labor Code Private Attorneys General Act of 2004 – Cal. Labor Code § 2698 *et seq.*)

59. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein, with the exception of the allegations in paragraphs 23-27.

60. Plaintiff is an "aggrieved employee" within the meaning of California Labor Code § 2699(c) and a proper representative to bring a civil action on behalf of himself and other current and former non-exempt employees of Delta in California pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiff was employed by Delta and the alleged violations of the California Labor Code were committed against Plaintiff and other aggrieved employees of Delta during the relevant period.

61. Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, Plaintiff, on behalf of himself and all other similarly aggrieved employees, seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, 1199, and IWC Wage Order 9-2001, § 20, from Delta in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, and 1198. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

62. Pursuant to California Labor Code §§ 2699.3, on January 16, 2019, Plaintiff gave written notice by online submission to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to Delta of the specific provisions of the California Labor Code and IWC Wage Order alleged to have been violated, including the facts and theories to support the alleged violations. Within sixty-five (65) calendar days of the postmark date of Plaintiff's notice letter, the LWDA did not provide notice to Plaintiff that it intends to investigate the alleged violations

63. Therefore, Plaintiff has complied with all of the requirements set forth in California

Labor Code § 2699.3 to commence a representative action under PAGA.

**PRAYER**

WHEREFORE, Plaintiff, individually, and on behalf of all other persons similarly situated, respectfully prays for relief against Defendant Delta and Does 1 through 50, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to Plaintiff and class members, as well as disgorged profits from the unfair and unlawful business practices of Defendants;

3. For preliminary and permanent injunctive relief enjoining Defendants from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

4. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and 2698 *et seq*.;

5. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

6. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 1194, 2699(g)(1), California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

7. For declaratory relief;

8. For an order certifying the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action as a class action;

9. For an order appointing Plaintiff as class representative and Plaintiff's counsel as class counsel; and

///

///

///

///

10. For such further relief that the Court may deem just and proper.

DATED: March 22, 2019

Respectfully submitted,

MATERN LAW GROUP, PC
Matthew J. Matern
Scott A. Brooks
Matthew W. Gordon

ALTSHULER BERZON LLP
James M. Finberg
Eileen B. Goldsmith
Eric P. Brown

By: /s/ Matthew J. Matern
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: March 22, 2019

Respectfully submitted,

MATERN LAW GROUP, PC
Matthew J. Matern
Scott A. Brooks
Matthew W. Gordon

ALTSHULER BERZON LLP
James M. Finberg
Eileen B. Goldsmith
Eric P. Brown

By: /s/ Matthew J. Matern
Attorneys for Plaintiff