**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
mgordon@maternlawgroup.com
SCOTT A. BROOKS (SBN 160115)
sbrooks@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

**ALTSHULER BERZON LLP**
JAMES M. FINBERG (SBN 114850)
jfinberg@altshulerberzon.com
EILEEN B. GOLDSMITH (SBN 218029)
egoldsmith@altshulerberzon.com
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Class Counsel and Attorneys for
Plaintiff HOWARD FAN

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD FAN, individually and on behalf of all others similarly situated, | No. 2:19-cv-04599-SVW-SS |
| Plaintiff, | [Assigned to Hon. Stephen V. Wilson, Courtroom 10A; Magistrate Judge: Hon. Suzanne H. Segal] |
| v. | **DECLARATION OF MATTHEW J. MATERN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| DELTA AIRLINES, INC., a Delaware corporation, | |
| Defendant. | Date:      March 9, 2020<br>Time:      1:30 p.m.<br>Ctrm:      10A<br>Judge:     Hon. Stephen V. Wilson |

## **DECLARATION OF MATTHEW J. MATERN**

I, Matthew J. Matern, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California. I am the principal of Matern Law Group, PC, Class Counsel and co-counsel of record for plaintiff Howard Fan (collectively "Plaintiff") in this lawsuit.

2.      This declaration is based on my personal firsthand knowledge, unless another source of information or belief clearly appears from the context, and as to all such matters I believe them to be true.  If called as a witness, I could and would readily and competently testify to all matters stated within.

3.      This declaration is submitted in support of Plaintiff's Motion for Attorneys' Fees and Costs.

### **Background**

4.      This putative wage-and-hour class and representative action was filed on March 22, 2019 in the Northern District of California. Dkt. 1. My firm brought this case with two highly experienced and respected labor and employment attorneys, James M. Finberg and Eileen Goldsmith of Altshuler Berzon LLP, as Plaintiff's co-counsel. The lawyers for these two firms are sometimes referred to herein as "Class Counsel."

5.      On May 24, 2019, the case was transferred to the Central District of California. Dkt. 13. The complaint alleged claims on behalf of a statewide class of non-exempt Delta employees for failure to calculate overtime properly arising from shift differential pay, Shared Rewards payments, profit-sharing payments, and the fair market value of pass travel privileges and Travel Companion Passes (which Plaintiff alleged was a form of in-kind compensation that Delta treats as taxable income to the employee). Plaintiff also alleged related derivative claims under the California Labor Code and Unfair Competition Law, which include claims for failure to timely pay wages, failure to furnish accurate, itemized wage statements, failure to maintain required records, failure to pay all wages due to discharged and quitting

-1-

1  employees, unfair and unlawful business practices (Cal. Code Bus. and Prof. § 17200
2  et seq.), and civil penalties under California's Labor Code Private Attorneys General
3  Act of 2004 ("PAGA") (Cal. Labor Code § 2699 et seq.). Dkt. 1.

4       6.    The deadline for Plaintiff's motion for class certification was September
5  23, 2019, which was to shortly follow the mediation. This it was necessary for
6  Plaintiff to engage in substantial discovery and investigation of his claims and Delta's
7  defenses both in preparation for class certification and the mediation. Plaintiff served
8  Requests for Production and obtained documents from Delta including the policy
9  materials for shift differential pay, Delta's Shared Rewards program, profit-sharing
10  plan, and travel passes.

11       7.    In addition to Plaintiff's own time, payroll and personnel records,
12  Plaintiff obtained from Delta a 10% sample of time and payroll data representing
13  hundreds of thousands of data points for the class members and included
14  compensation data for shift differentials, meal premium penalties, insurance, award
15  travel, non-revenue travel, Shared Rewards, customer incentives, cargo incentives,
16  cash awards and profit sharing. Plaintiff also served and received responses to
17  interrogatories. Plaintiff's counsel deposed three witnesses whom Delta designated
18  as knowledgeable about topics in the case pursuant to Fed.R.Civ.P. 30(b)(6). Delta
19  deposed Plaintiff Fan and served requests for production and Plaintiff Fan produced
20  hundreds of pages including records of his award and non-revenue travel.

21       8.    Plaintiff retained an expert, Berger Consulting Group, to analyze the
22  class member time and payroll records for observed rates of the various Labor Code
23  violations and to provide a damages analysis used in mediation.

24       9.    On September 16, 2019, the parties participated in a mediation with
25  Mark Rudy, a well-respected and experienced mediator in California wage and hour
26  cases. I attended along with my co-counsel Mssrs. Finberg and Brooks. At the end of
27  the full-day session, we were able to agree to the basic terms of the settlement in
28  writing. The parties spent substantial time over the following two months negotiating

-2-

and finalizing the terms of a detailed "long form" settlement agreement.

10.     On November 14, 2019, the Court granted preliminary approval of the Settlement and directed that notice be sent to the Class Members. Dkt. 41. The deadline for Class members to submit objections or to opt out of the Settlement is February 10, 2020. Dkt. 41.

### Attorneys' Fees and Costs

11.     The Settlement provides for attorney fees and costs to Class Counsel in an amount up to one-third (33.33%) of the Gross Settlement Amount, for a maximum fee award of $1,166,666.00, plus an award of actual costs not to exceed $25,000.00, which includes costs for, among other things, court filing and service, investigation, research services, and mediation. Dkt. 39-3 at ¶¶ 5.2.1, 5.4.1.

12.     I am informed and believe that the fee and costs provision is reasonable. The fee percentage requested is less than that charged by my office for other employment cases and it is in line with the one-third recovery that was recognized as standard for class actions in the *In re Consumer Privacy Cases* (2009) 175 Cal.App.4th 545. My office invested significant time and resources into the case, with payment deferred to the end of the case, and then, of course, contingent on the outcome.

13.     The efforts expended by Class Counsel thus far include, but are not limited to, the following: pre-filing investigation and interviews of Delta employees (which is not reflected in the billing records), interview with Plaintiff and review of documents provided by Plaintiff; preparation of the PAGA notice letter to the Labor Workforce Development Agency, preparation and filing of the class action and PAGA complaint; meeting and conferring with Defendant's counsel to obtain relevant documents and information; communicating with Plaintiff regularly regarding the status of the case; review and analysis of a sampling of time and payroll records, and other employment records; propounding and responding to written discovery and taking and defending depositions, legal research regarding

-3-

Defendant's wage and hour practices; preparing Plaintiff's mediation briefing; participating in a full-day mediation; drafting, negotiating, and revising the Settlement, Notice Packet, and Motion for Preliminary Approval; communicating with the Settlement Administrator and monitoring the notice process; and will include drafting the Motion for Final Approval and supporting papers, as well as post-judgment and claim administration work. Thus, the Court should find that Class Counsel's hours were necessary and reasonable to achieve the excellent result on behalf of the Class.

14.     The amount of requested attorneys' fees is also reasonable based upon Class Counsel's lodestar.  As of the filing date, MLG's lodestar is **$130,849.00**, which is based upon **178.40 hours** litigating this case at the attorneys' customary hourly rates.  All of the hours were reasonable and necessary to achieve the excellent result on behalf of the Class.  This amount includes time spent by MLG's staff but not any estimate of the time MLG will invest to complete this case following approval. Based upon my experience, I estimate that MLG will spend another 40-50 hours on this case, including monitoring the settlement payment process, answering questions from Class Members, preparing the Motion for Final Approval and supporting documents, and proposed order(s) and judgment, and providing a final report to the Court. Based on my experience, we will have numerous Class Members calling our office to inquire about the status of the case and to ask for further information about settlement payments.

15.     The regular and customary practice at MLG is for all attorneys to maintain contemporaneous time records setting forth the amount of time spent (rounded to the nearest one-tenth of an hour) on each task in each case, with explanatory descriptions of each task performed.  My colleagues and I followed this practice throughout this litigation.  During the course of this litigation, my law firm used time entry programs to record our billable time.  At or near the time the work was performed, individual billers' hours were inputted into these programs, which

-4-

recorded and stored the time as individual electronic entries, along with detailed descriptions of the tasks performed.  To calculate my firm's lodestar for this case, my bookkeeper and staff retrieved all of the attorney time records for this case, and they were reviewed by my associate, Scott A. Brooks. Using these computerized time records, my office derived a summary of timekeeping activities of the attorneys working on this case. A chart summarizing MLG's hours is as follows:

| Attorney | Year Admitted | Hours Billed | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Matthew J. Matern | 1992 | 23.50 | $950 | $22,325.00 |
| Matthew W. Gordon | 2009 | 10.10 | $725 | $7,322.50 |
| Scott A. Brooks | 1992 | 111.90 | $850 | $95,115.00 |
| Paralegals | | 32.90 | $185.00 | $6,086.50 |
| | | | | |
| **TOTAL:** | | **178.40** | | **$130,849.00** |

16.    I received a B.A. with honors in 1986 from Tulane University.  I received my J.D. from Southwestern University School of Law in 1991.  I became an active member of the State Bar of California in September 1992, and have been an active member in good standing continuously since then.  I have been practicing as a litigation attorney in Los Angeles since 1992, and have been concentrating on employment litigation since approximately 1997.   Among other professional affiliations, I am a lifetime member of the Consumer Attorneys Association of Los Angeles and an active member of the California Employment Lawyers Association.

17.    In 1992, I founded a general partnership, which is the predecessor of Rastegar & Matern, Attorneys at Law, A Professional Corporation.  In 2012, I founded Law Offices of Matthew J. Matern, which changed its name to Matern Law Group in January 2014 and became Matern Law Group, PC in 2016.  Since 1992, I have been heavily, successfully, and continuously involved in active litigation and trial work, including extensive work in employment litigation and wage and hour class actions.

-5-

18.     My current firm, Matern Law Group, PC is a twenty-four attorney law firm that is actively and continuously practicing in employment litigation, representing almost entirely employee plaintiffs, in both individual and class actions, in this Superior Court, and other Superior Courts throughout the State, in the Court of Appeal, and in various Federal courts.

19.     My office is qualified to handle this litigation because we are experienced in litigating Labor Code violations in both individual and class action cases.  Matern Law Group, PC has handled, and is currently handling numerous wage and hour class action lawsuits.

20.     Of the twenty-four attorneys at Matern Law Group, PC, I am the attorney with the most active trial and pretrial calendar.  Since 1992, I have been heavily, continuously, and successfully involved in active litigation and trial work, including extensive work in employment litigation and wage and hour class actions. I have tried approximately twenty-five cases, including approximately twenty jury trials.  Over the course of my career, I have been involved in over 100 class action settlements, with many of them settling in the seven-figure range, including settlements in the amount of $8.5 million, $7.0 million, $6.0 million, $6.0 million, $5.0 million, $4.5 million, $4.5 million, $4.2 million, $4.2 million, $3.75 million, $3.75 million, $3.6 million, $3.3 million, $3.1 million, and $3.0 million.  I have also been appointed class counsel in over twenty wage and hour class action cases with contested certification proceedings.  I have been counsel in a number of cases which resulted in published appellate decisions, including *Franco v. Athens Disposal Company, Inc.* (2009) 171 Cal.App.4th 1277; *Gutierrez v. California Commerce Club* (2010) 187 Cal.App.4th 969; *Pantoja v. Anton* (2011) 198 Cal.App.4th 87; *Fuentes v. AutoZone, Inc.* (2011) 200 Cal.App.4th 1221; *Ventura v. ABM Industries, Inc.* (2012) 212 Cal.App.4th 258; *Franco v. Arakelian Enterprises, Inc.* (2012) 211 Cal.App.4th 314; *Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853; *ABM Industries Overtime Cases* (2017) 19 Cal.App.5th 277; *Meeks v. AutoZone, Inc.* (2018) 24 Cal.

-6-

App. 5th 855 and other non-published appellate victories. My work has led me to be recognized as a Southern California Super Lawyer every year since 2009. My current 2020 billing rate is $925.00 per hour. Based on my skill and experience, my current 2020 billing rate of $925.00 per hour is reasonable.

21.     The current 2020 billing rate for my senior associate, Matthew W. Gordon, is $725.00 per hour.  Mr. Gordon graduated summa cum *laude* from Princeton University in 1995.  He received his J.D. from the University of California, Los Angeles School of Law in 2009.  He became a member of the State Bar of California in December 2009, and he has been an active member in good standing continuously since then.  Mr. Gordon has concentrated his practice exclusively in employment litigation since he was admitted to the Bar.  He has worked on numerous motions for class certification in wage and hour cases and obtained approval of class action settlements. Mr. Gordon was selected to the Southern California Rising Stars list in 2016, 2017, 2018, and 2019. Based on his skill and experience, Mr. Gordon's 2020 billing rate of $725.00 per hour is reasonable.

22.     Scott Ashford Brooks is a senior associate at MLG.  Mr. Brooks graduated from the University of California at Berkeley in 1987 followed by graduation from Loyola Law School in 1992 and admission to the State Bar of California in that year. He has remained a member of the Bar in good standing since. He is admitted to practice before this Court as well as the Northern, Southern and Eastern Districts of California, and the Seventh and Ninth Circuit Courts of Appeal. Mr. Brooks has extensive experience in labor and employment class and representative actions, complex litigation, and mass torts. For the past 20 years a substantial portion of his practice has been devoted to representing clients in labor and employment cases, both employers and employees, and he was a member of the Association of Southern California Defense Counsel for over 20 years. Mr. Brooks was one of the class counsel in *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319 which resulted in a $47.5 million dollar settlement during trial. He

-7-

also served as one of the national coordinating counsel for the nation's largest retailer in toxic tort litigation, including defense of Proposition 65 and related claims. Mr. Brooks has extensive experience in the appellate courts of this State and has handled dozens of appeals and original proceedings, most of which as the primary appellate counsel in briefing and argument. Reported employment cases in which he served as plaintiff's or class counsel include *Heyen v. Safeway Inc.* (2013) 216 Cal.App.4th 795, *Puerto v. Superior Court* (2008) 158 Cal.App.4th 1242, *Harper v. 24 Hour Fitness, Inc.* (2008) 167 Cal.App.4th 966, *Ralphs Grocery Co. v. Superior Court* (2004) 112 Cal.App.4th 1090, and *Prachasaisoradej v. Ralphs Grocery Co., Inc.* (2007) 42 Cal.4th 217, the latter in which he handled all of the briefing and argument from the trial court through the California Supreme Court. Mr. Brooks was recognized as a Super Lawyer in 2019 and 2020. Based on Mr. Brooks' skill and experience, his hourly rate of $850.00 is reasonable.

23.     My office requests the foregoing billable rates be applied in this case, as the rates are more than reasonable in the Southern California legal market for attorneys who handle complex class actions involving hundreds, and in this case, thousands, of class members. Through my practice I have become familiar with the fees charged by attorneys in employment wage and hour actions in Southern California, with comparable experience to mine, as well as the MLG attorneys who worked on this matter. I have obtained this familiarity in several ways: (1) by reviewing attorney fee applications and awards filed in other employment wage and hour class action and representative cases in Southern California; (2) by reviewing declarations regarding prevailing market rates and other factors filed in other employment wage and hour class action and representative cases in Southern California; (3) by reviewing surveys and articles on attorney's fees in legal newspapers, journals and treatises and (4) by discussing fees in employment wage and hour class action and representative cases with other attorneys. Based on this information, I believe that MLG's current rates are consistent with the market rate

-8-

for attorneys with comparable expertise, experience, and qualifications in Los Angeles County.

24.     Several courts have approved attorney fee awards based upon my 2018 hourly rate of $875 per hour and my 2017 hourly rate of $850 per hour. For example:

- In *Shasheet v. Pacifica Hotel Company*, LASC Case No. BC603264, the Honorable Carolyn B. Kuhl approved an attorney's fees award based upon my 2018 billing rate of $875 per hour and Matthew W. Gordon's 2018 billing rate of $625 per hour.

- In *Aguilar v. Blaze Pizza, LLC*, LASC Case No. BC618872, the Honorable Ann I. Jones approved an attorney's fees award, with a 1,5 multiplier, based upon my 2018 billing rate of $875 per hour, Matthew W. Gordon's 2018 billing rate of $625 per hour.

- In *Chhan v. Southern California Gas Company*, LASC Case No. BC522049, the Honorable Maren E. Nelson approved an attorney's fees award based upon my 2018 billing rate of $875 per hour and Matthew W. Gordon's 2018 billing rate of $625 per hour.

- In *Taylor v. TIC-The Industrial Company*, Central District of California Case No. 5:16-cv-0186-VAP, the Honorable Andre Birotte, Jr. approved an attorney's fees award based upon my 2018 billing rate of $875 per hour and Matthew W. Gordon's 2018 billing rate of $625 per hour.

- In *Hernandez v. DSJ West, Inc*., LASC Case Nos. BC538435, BC565104, BC592528, BC592538, and BC592542, the Honorable John Shepard Wiley, Jr. approved an attorney's fees award, with a 1.3148336 multiplier, based upon my 2017 billing rate of $850 per hour and Matthew W. Gordon's 2017 billing rate of $575 per hour;

- In *Dietz, et al. v. Torn & Glasser, Inc*., LASC Case Nos. BC612202 and BC630147, the Honorable Elihu M. Berle approved an attorney's fees award, with a 1.3285 multiplier, based upon my 2017 billing rate of $850 per hour and Matthew W. Gordon's 2017 billing rate of $575 per hour;

- In *Garzo v. Metro Services Group*, Los Angeles Superior Court Case No. BC618199, the Honorable Ann I. Jones approved an attorney's fees award based upon my 2017 billing rate of $850 per hour and Matthew W. Gordon's 2017 billing rate of $575 per hour, finding that "the fee request represent[ed] a reasonable percentage of the settlement fund and [was] well-supported by the lodestar";

- In *Flint v. Rehrig Pacific Company*, Los Angeles Superior Court Case No. BC595545, this Court approved an attorney's fees award based upon my 2017 billing rate of $850 per hour;

- In *Lopez v. Delta Airlines, Inc., et al.*, United States District Court for the Central District of California Case No. 2:15-cv-07302-SVW-SS, the

-9-

Honorable Stephen V. Wilson approved an attorney's fees award based upon my 2017 billing rate of $850 per hour and Matthew W. Gordon's 2017 billing rate of $575 per hour, finding Class Counsels' fee "amounts to be fair and reasonable and sufficiently supported."

- In *Shields v. AmeriGas Propane, Inc.*, United States District Court for the Central District of California Case No. CV15-7245-GW(PJWx), the Honorable George H. Wu approved an attorney's fees award based upon my 2017 billing rate of $850 per hour and Matthew W. Gordon's 2017 billing rate of $575 per hour;

- In *Gonzalez, et al. v. Fuji Food Products, Inc.*, Los Angeles Superior Court Case No. BC487352, the Honorable Ann I. Jones approved an attorney's fees award based upon my 2017 billing rate of $850 per hour;

- In *Navarro v. 4Earth Farms*, Los Angeles Superior Court Case No. BC589654, the Honorable John Shepard Wiley, Jr. approved an attorney's fees award based upon my 2017 billing rate of $850 per hour;

- In *Duarte v Mother's Nutritional Center, Inc.,* Los Angeles Superior Court Case No. BC 492647, the Honorable Maren E. Nelson approved an attorney's fees award based upon my 2017 billing rate of $850 per hour;

- In *Munoz v. Dependable Highway Express, Inc.*, Los Angeles Superior Court Case No. BC 535931, the Honorable Maren Nelson approved an attorney's fees award based upon my 2017 billing rate of $850 per hour;

- In *Gutierrez v. Google, Inc.*, Santa Clara Superior Court Case No. 115cv277104, the Honorable Brian C. Walsh approved an attorney's fees award based upon my 2017 billing rate of $850 per hour;

25.    MLG took this case on a contingency basis with no guarantee of being paid, against a national, well-financed company that was defended by a defense firm, Morgan, Lewis & Bockius LLP and its lawyers who have a strong reputation for vigorous advocacy in the defense of complex employment class action cases. MLG faced substantial risk of non-payment for hundreds of hours of work because of the uncertainty of obtaining class certification and of establishing liability. Plaintiff brought this action against a national corporation with far more resources than Plaintiff and MLG. Delta was represented by experienced and skilled attorneys from a law firm (Morgan Lewis & Bockius, LLP) with a strong reputation for vigorous advocacy in the defense of complex employment class action cases. Class Counsel were involved in prior litigation against the same defendant involving wage and hour claims and so were fully aware, given the rulings on the class certification and

-10-

1  summary judgment motions evidence in that prior action, that this case did not lend

2  itself to easy proof of liability or damages MLG prosecuted this case knowing there

3  was a risk that Delta could prevail and that, even if Plaintiff prevailed, the case would

4  likely take over one year to bring to trial and would not be resolved without an appeal.

5  This risk of no recovery on a classwide basis in complex wage and hour class actions

6  is very real. From the outset, Delta has vehemently contested liability and it continues

7  to do so today.

8      26.    MLG accepted this case with the hope that it would receive a risk

9  enhancement if Plaintiffs prevailed. In light of the challenges posed by this case, as

10  well as the amount of potential damages in this action, MLG would not have taken

11  this case if it knew it would be limited to recovery of its lodestar calculation.

12  Although I know that any fee request is subject to court approval, I am also aware

13  that courts typically award fees in common fund cases ranging from 25 to 35 percent.

14  *See* Cabraser, California Class Actions Practice and Procedures, § 15.03 (Lexis Nexis

15  2003) (finding that payment of 30% to 45% of the fund amount toward attorneys'

16  fees has been determined to be a reasonable amount). In fact, MLG has on numerous

17  occasions received fee awards equal to 33 to 35 percent of the common fund in cases

18  pending in California state and federal courts.

19      27.    MLG's hourly rates do not reflect any risk of nonpayment. Rather, these

20  rates are MLG's customary hourly rates. While MLG typically represents its clients

21  on a contingency basis, I believe that our established hourly rates are commensurate

22  with market rates for non-contingent work. The firm's rates do not take into account

23  any contingency enhancement.

24      28.    My office took this case on a contingent basis and has put a substantial

25  amount of time and energy into litigating this case, all while receiving no payment.

26  The risk to my office has been very significant, particularly if we would not be

27  successful in pursuing this class action.  In that case, we would have been left with

28  no compensation for all the time taken in litigating this case. For instance, in

-11-

*Hernandez v. Chipotle Mexican Grill*, *Inc*. (LASC Case No. BC373759), the Court of Appeal affirmed the trial court's order denying certification in an action alleging that the defendant failed to provide its restaurant workers with uninterrupted, 30-minute off-duty meal breaks in a pair of de-published opinions: *Hernandez v. Chipotle Mexican Grill, Inc.* (2012) 208 Cal.App.4th 1487 and *Hernandez v. Chipotle Mexican Grill* (2010) 189 Cal.App.4th 751. Similarly, in *Gonzalez v. OfficeMax N. Am*. (C.D. Cal., Case No. CV-07-00452), the court issued an order denying certification of plaintiffs' meal and rest break claims, finding that the reason any particular employee missed any particular break required individualized fact finding. *See Gonzalez v. OfficeMax N. Am*. (C.D. Cal. Nov. 5, 2012) 2012 U.S. Dist. LEXIS 163853. In each of these cases, class counsel incurred over $100,000.00 in costs, and over 5,000 hours in attorney time was expended, only to have class certification denied.  Moreover, courts frequently dismiss class and representative allegations and compel arbitration in similar cases, as evidenced in several recent cases litigated by my office: *Chico v. Hilton Worldwide, Inc., et al.*, (C.D. Cal. Case No. CV-14-5750) (compelling Plaintiffs' individual claims to arbitration and dismissing Plaintiffs' class allegations and representative PAGA claims) and *Tapia v. Macy's, Inc.* (C.D. Cal. CV-14-05163) (same). Class Counsel also bears the risk of taking whatever actions are necessary if Defendants fail to pay.  In two of my recent cases, my firm spent over 500 hours post-final approval in efforts to collect on behalf of the class.

29.     Because most individuals cannot afford to pay for representation in litigation on an hourly basis, Matern Law Group, PC represents virtually all of its employment law clients on a contingency fee basis. Pursuant to this arrangement, we are not compensated for our time unless we prevail at trial or successfully settle our clients' cases. Because the firm is taking the risk that we will not be reimbursed for our time unless our client settles or wins his or her case, we cannot afford to represent an individual employee on a contingency basis if, at the end of our representation, all

-12-

we are to receive is our regular hourly rate for services. It is essential that we recover more than our regular hourly rate when we win if we are to remain in practice so as to be able to continue representing other individuals in civil rights employment disputes.

30.    I am informed and believe that the efforts of Class Counsel have resulted in substantial benefits to the Class Members, in the form of a non-reversionary settlement fund in the amount of $3.5 million established to compensate Class Members for alleged wage and hour violations. I am informed and believe that, without the efforts of Class Counsel, the Labor Code and wage order violations alleged in the Action would have gone without remedy. The attorneys' fees award in the amount of $1,166,666.67 provided for in the Stipulation, i.e. 33-1/3% of the Gross Settlement Amount, is reasonable given the result achieved, where each Class Member will receive an average individual settlement payment of approximately $636.52 and the maximum payment is $899.80. See Declaration of Jeff Moore ¶ 5.

31.    My firm has been litigating this case since its inception, expending significant time and resources which could have been directed towards other cases. MLG agreed to litigate this case on a contingent fee basis, and in the process assumed considerable risk given the uncertain proposition these types of cases entail. Thus, a multiplier of 2.52 is reasonable given the contingent risk incurred by Class Counsel, the difficulty of the questions involved, the substantial benefit conferred on the Class Members and the State of California as a result of the settlement, and the skill displayed by Class Counsel in efficient and successful resolution. Plaintiffs respectfully request that the Court award Class Counsel the requested fees of $1,166,666.67 under the common fund theory with a lodestar cross-check or, alternatively, based on the lodestar method with a 2.52 multiplier.

32.    The Settlement Agreement provides for reimbursement of Class Counsel's reasonable litigation costs not to exceed $25,000.00. Dkt. 39-3 at ¶¶ 5.2.1, 5.4.1. As of the date of this declaration, my firm has incurred actual costs in the

-13-

amount of **$22,602.26** in this action.  These costs include the costs advanced by our co-counsel Altshuler Berzon LLP, as set forth in the Declaration of James M. Finberg at paragraphs 36 – 38 and Exhibit I thereto. MLG already reimbursed those costs to Altshuler Berzon LLP. All of these costs were reasonable and necessary to prosecute the Action to a successful conclusion for the Class in the form of the settlement. A true and correct copy of the costs report setting forth the cost incurred and prepared at my direction is attached hereto as Exhibit A. The following is a breakdown of my firm's costs incurred to date, including the costs reimbursed to Altshuler Berzon LLP:

| Cost Description | Amount |
| --- | --- |
| Court Costs and Filing Fees | 475.00 |
| Court Reporter Services | $4,092.78 |
| Document Service (Including Case Anywhere) | $311.10 |
| Mediation | $8,000.00 |
| Travel | $1,939.95 |
| Research Services | $19.71 |
| Expert Services | $1,312.50 |
| Cost Reimbursed to Altshuler Berzon LLP | $6,451.22 |
| **TOTAL COSTS:** | **$22,602.26** |

33.     I estimate that my firm will continue to incur additional costs in this matter through final approval associated with preparing copies of the motion for final approval papers and delivering mandatory chambers copies, among other things.

34.     Plaintiffs and Class Counsel do not have any pecuniary interest or involvement in the governance of the proposed cy pres recipient, Los Angeles Center for Law and Justice, a nonprofit organization that provides services for survivors of domestic violence and sexual assault in Los Angeles.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 27, 2020 at Rye, New Hampshire.

/s/ Matthew J. Matern

MATTHEW J. MATERN

-14-