MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
SCOTT A. BROOKS (SBN 160115)
sbrooks@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
mgordon@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

JAMES M. FINBERG (SBN 114850)
jfinberg@altber.com
EILEEN B. GOLDSMITH (SBN 218029)
egoldsmith@altber.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064

Attorneys for Plaintiff Howard Fan and
a proposed class of persons similarly
situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD FAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 2:19-cv-04599-SVW-SS<br><br>**DECLARATION OF JAMES M. FINBERG IN SUPPORT OF PLAINTIFF HOWARD FAN'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing Date: March 9, 2020<br>Hearing Time: 1:30 PM<br>Hon. Stephen V. Wilson<br>Courtroom: 10A |

DECLARATION OF JAMES M. FINBERG IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
2:19-cv-04599-SVW-SS

I, James M. Finberg, declare as follows:

1. I am a member in good standing of the bar of the State of California and a partner with the law firm Altshuler Berzon LLP, one of the counsel of record representing Plaintiff Howard Fan, on behalf of himself and a proposed Class, in this case. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**2.** This Declaration is submitted in support of Plaintiff's Motion for Attorneys' Fees and Costs.

**I.   Qualifications of Altshuler Berzon LLP and the Lawyers Working on this Matter**

3. Altshuler Berzon LLP specializes in labor and employment, environmental, constitutional, campaign and election, and civil rights law. Altshuler Berzon LLP has adequate resources to continue to support this litigation until the matter is resolved. A copy of the firm's resume listing representative cases is attached hereto as Exhibit A.

4. I received a Bachelor of Arts degree, with honors in history and environmental studies, from Brown University in 1980. I received a Juris Doctor degree from the University of Chicago Law School in 1983. At the University of Chicago Law School, I was the Executive Editor of the University of Chicago Law Review. From Fall 1983 through Summer 1984, I served as a law clerk to the Honorable Charles L. Levin, a Justice of the Supreme Court of the State of Michigan.

5. I joined Altshuler Berzon LLP as a partner in January 2007. From 1992 through 2006, I was a partner at Lieff Cabraser Heimann & Bernstein LLP.

6. During my approximately 35 years of practice, I have served as lead or co-lead counsel in many class actions involving violations of wage and hour laws, including the following: *Spicher v. Aidells Sausage Co.*, 3:15-cv-05012-WHO (N.D. Cal) ($2.375 million settlement of wage and hour class action in 2017); *Lopez v.*

*Delta Air Lines, Inc.*, 2:15-cv-07302-SVW-SS (C.D. Cal.) ($4.25 million settlement of wage-and-hour class action in 2017); *Guzman-Padilla, et al. v. Van de Pol, et al.*, 2:17-cv-00196-JAM-KJN (E.D. Cal) (wage-and-hour and discrimination settlement on behalf of class of 120 low-wage dairy workers providing monetary and extensive injunctive relief); *Cancilla et al. v. Ecolab, Inc.*, No. 12-3001-JD (N.D. Cal) ($7.5 million settlement of wage and hour case approved in January 2016); *Rosenburg v. International Business Machines Corp.*, No. CV 06-00430 PJH (N.D. Cal.) ($65 million settlement of wage and hour class and collective action in 2007); *Giannetto v. CSC Corp.*, No. CV 03-8201 (C.D. Cal.) ($24 million settlement of wage and hour case in 2005); *Gerlach v. Wells Fargo & Co.*, No. 05-00585 CW (N.D. Cal.) ($12.8 million settlement of wage and hour class and collective action in 2007); *Trotter v. Perdue Farms*, Case No. 99 893 (RRM) (D. Del.) ($10 million settlement in wage and hour case in 2002); *Thomas v. CSAA*, No. CH217752 (Alameda County Sup. Ct.) ($8 million settlement of wage and hour case in 2002); *Danieli v. IBM*, Case No. 08-cv-3688 (S.D.N.Y) ($7.5 million settlement of class action regarding alleged misclassification of technology support workers in 2010); *In re the Pep Boys Overtime Actions*, Case No. 07-cv-01755 (C.D. Cal.)($6 million settlement in 2008 compensating employees who were denied meal and rest breaks and required to work "off the clock" without pay).

7. I have also served as lead, or co-lead, counsel in a number of discrimination class actions, including the following: *Holloway v. Best Buy*, C05-cv-05056 (N.D. Cal.) (approval of Consent Decree providing comprehensive injunctive relief in race and gender discrimination class action in 2011); *Jaffe v. Morgan Stanley*, C06-3903 TEH (N.D. Cal.) (approval of Consent Decree providing $16.5 million in monetary relief and comprehensive injunctive relief in 2008 in race discrimination class action); *Amochaev v. Smith Barney*, C05-CV-1298 PJH (N.D. Cal.) (approval of settlement providing $33 million in monetary relief, plus

comprehensive injunctive relief in gender discrimination case in 2008); *Satchell v. Federal Express Corp.*, C03-2659 SI; C03-2878 SI (N.D. Cal.) (approval of settlement of $55 million in monetary relief, plus comprehensive injunctive relief, of race and national origin discrimination claims in 2007); *Butler v. Home Depot*, No. C94 4335 SI (settlement of $87.5 million, plus comprehensive injunctive relief, in gender discrimination case in 1998); *Frank v. United Airlines*, No. C92 0692 MJJ (N.D. Cal.) (approval of $36.5 million settlement of gender discrimination case in 2004); *Buttram v. UPS*, No. 97-1590 MJJ (N.D. Cal.) ($12.2 million settlement, plus comprehensive injunctive relief, of race discrimination action); *Church v. Consolidated Freightways, Inc.*, 1993 WL149840 (N.D. Cal.) ($13.5 million settlement in age discrimination case). I have also served as lead, or co-lead, counsel in various securities class actions, including *In re California Micro Devices Securities Litigation*, C 94 2817 VRW (N.D. Cal.) ($26 million in settlements – approximately 100% of losses); *In re Network Associates, Inc. Securities Litigation*, C 99 1729 WHA (N.D. Cal.) ($30 million settlement in 2001); and *In re Mediavision Technology Securities Litigation*, C 94 1015 EFL (N.D. Cal.) (settlements and judgments totaling $218 million).

8.  I have also served as one of the primary trial counsel in the trial of three class action trials. In September 2003, I served as one of the primary trial counsel representing plaintiffs in a three-week class and collective action liability phase trial involving approximately 2,700 insurance claims adjusters in *In re: Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation*, No. MDL Docket No. 1439 (D. Or.). On November 6, 2003, Judge Robert E. Jones ruled in favor of the auto and low-level property adjusters. The Court found that Farmers acted willfully in violating the FLSA, and that the auto and low-level property adjustors were entitled to liquidated damages as well as actual damages. During 2004 and 2005, I and colleagues tried the damages phase of that case. Judgments

4

totaling approximately $52.5 million were entered for plaintiffs in 2005. On March 30, 2007, a three-judge panel of the Ninth Circuit affirmed in part, reversed in part, and remanded to the District Court for consideration of state law claims. *In re Farmers Exch., Claims Reps. Overtime Pay Litig.*, 481 F.3d 1119 (9th Cir. 2007). We settled those state law claims for $8 million. In 2013, I served, in a class arbitration, as one of the primary trial counsel for approximately 7,000 truck drivers who alleged KBR/Halliburton forced them to work off the clock. In April 2015, I served as one the primary trial counsel for a class of approximately 172,000 former California State University students who alleged that CSU breached the implied covenant of good faith and fair dealing by increasing tuition twice in one term in Fall 2009. I also served as lead trial counsel for the California Teachers Association of California Federation of Teachers, as intervenors, in *Vergara v. California*, No. BC 484642 (L.A. Sup. Ct.) a case involving the constitutionality of several provisions of the California Education Code.

9. Since 2005, I have been listed by *Best Lawyers in America* as one of the best lawyers in America in the field of labor and employment law, and in 2018 and 2019 in the field of class actions. I was named by *Best Lawyers* as the 2014 Lawyer of the Year in the field of Litigation-Labor and Employment in the San Francisco Bay Area. From 2005 to 2013, I was designated *by San Francisco Magazine* as one of the top 100 attorneys in Northern California, and have been designated as a "Super Lawyer" since 2004. I am a fellow of the American College of Labor and Employment Lawyers and of the American Bar Foundation. In 2003, I was selected by *The Recorder* legal newspaper (based on a survey of judges, arbitrators, mediators, and lawyers in the field) as the top plaintiff's securities litigator in the San Francisco Bay Area. In 2006, I was selected by *The Daily Journal* as one of the Top 100 lawyers in California. In 2009, I was named a California Lawyer of the Year by the *California Lawyer* magazine in the area of

civil rights law.

10. In 2005, I served as the President of the Bar Association of San Francisco. From 2000-2001, I served as Co-Chair of the delegation of Lawyer Representatives from the Northern District of California to the Ninth Circuit Judicial Conference. From 1997 through 1998 and 2009 through 2010, I served as Co-Chair of the Board of Directors of the Lawyers' Committee for Civil Rights of the San Francisco Bay Area, and served on its board for approximately two decades. I am currently serving as a member of the Executive Committee of the Board of Directors of the Legal Aid Society-Employment Law Center, and serve as the Secretary of that organization. From 2008 to 2010, I served on the Visiting Committee of the University of Chicago Law School. From 2010 to 2013 I served on the board of the National Employment Lawyers Association. I served on the board of the Work Life Law Center at U.C. Hastings College of Law from 2011-2016.

11. I am a co-author of the chapter "Statistical and Other Expert Proof," in *Employment Discrimination Law* (5th ed. 2012, 4th ed. 2007, Lindemann and Grossman, BNA), and the supplements to that chapter. I also edited the 2000 and 2002 Cumulative Supplements to Chapter 39, "Statistical Proof," of that treatise (3d ed.). I am the author of two chapters in *Wage and Hour Laws: A State-by-State Survey* (BNA, 2010) and one chapter in *The Fair Labor Standards Act* (ABA, 2010). I am the author of a chapter on Notice and Settlement in *The Class Action Fairness Act: Law and Strategy* (ABA 2013) and the author of a chapter on Trials in *Class Action Strategy* (ABA 2018). I am the author of a chapter on cross examination in *Trial Techniques for the Labor and Employment Law Practitioner* (ABA 2019). I was an editor of *Securities Litigation Report* (Glasser Legal Works) from 2004-2006.

12. I am author or co-author of the following articles, among others: "The Risk of Using Algorithms for Employment Decisions" in *The Daily Journal* (Oct. 8,

2019); "Assessing Whether Compensation is Fair " (ABA EEO, 2018); "The Use of 'Big Data' for Employment Decisions" (ABA, Nov. 2017); "Is the 'Gig' Economy a Bubble About to Burst or Is it Here to Stay?" (ABA, March 2017); "*Tyson v. Bouaphake*o and the New Fed. R. Civ. P. Proportionality Standards" (ABA CLE, 2016); Co-author with George Hansan, Jason Marsili, and Cornelia Dai, "Class/Collective Action Trials" (NELA June 2016); Co-author with Kelly M. Dermody, "Issue Certification in Employment Class Actions: Rule 23 (c)(4) Provides a Useful Procedural Device" (ABA LEL Section CLE Nov. 2015); "*Comcast v. Behrend*, Sound and Fury Signifying Little" (ABA EEO Committee March 2014); Co-author with David Kern, "Strategic Thinking In Defeating FLSA Defenses" (NELA March 2013); "Doing Well By Doing Good: Fulfilling The Promise Of The FLSA" (NELA March 2013); Co-author with Ellen C. Kearns, Elizabeth Lawrence, and Gregory K. McGillivary, "Square Peg, Round Hole: The Challenges and Pitfalls of Exempt Classifications under the FLSA" (ABA Nov. 2012); "The Use of Expert Testimony in Employment Cases Post-Dukes" (NELA Oct. 2012); "Life After *Dukes*—Disparate Impact Claims for Compensation Discrimination are Certified in *McReynolds v. Merrill Lynch*, 2012 WL 572745, F.3d (7th Cir. 2012)" (NELA Annual Convention June 2012); "Representing Misclassified and Reclassified Workers," (NELA Annual Convention July 2011); Co-author with Dennis McClelland, Paul L. Bittner and Janet Herold, "Get in the Game: The Latest News and Developments in Wage and Hour Litigation," (ABA 4th Annual CLE Conference November 2010); "*Ricci v. DeStefano*: Sound and Fury Signifying Little, For Now," (ABA EEO Conference March 2010); Co-author with Peder Thoreen, "The Impact of *Morgan v. Family Dollar Stores* on FLSA Collective Actions," ABA Section of Labor and Employment Law (2009); Co-Author with David Borgen, Julia Akins Clark, Peder Thoreen, Ellen C. Kearnes, and William C. E. Robinson, "White Collar Exemptions," (ABA 2008); Co-Author with Peder J.

Thoreen, "The Use of Representative Testimony in FLSA Collective Actions" (ABA 2008); Co-Author with Peder J. Thoreen, "The Use of Representative Testimony and Bifurcation of Liability and Damages in FLSA Collective Actions" (ABA 2007); Co-Author with Peter E. Leckman, "Holding Customers Who Assist Securities Fraud Accountable Under State Law," *Securities Litigation Report* (Vol. 3, No. 5, May 2006);  "Fair Labor Standards Act and State Law Wage & Hour Claims," ABA Annual Meeting 2006; Author, "State Law Wage/Hour Class Actions: Alive And Well In Federal Court," ABA Labor and Employment Section (2005); Co-Author with Melissa Matheny, "A Developing Consensus:  The PSLRA's 'Basis' Requirement Does Not Require the Disclosure of Confidential Sources in a Complaint," *Securities Litigation Report* (Vol. 2, No. 1, July/August 2005) (Glasser Legal Works); Co-Author with Chimène I. Keitner, "New Overtime Regulations Require Heightened Vigilance," *San Francisco Attorney Magazine*, Spring 2004; Co-Author with Chimène I. Keitner, "Summary of Proposed DOL Regulations Re FLSA Overtime Exemptions" (2003) (American Bar Association - Labor and Employment Law, Federal Labor Standards Legislation Committee Annual Report); "Title VII's Remedial Scheme:  Employment Discrimination Class Actions at the Crossroads," *San Francisco Attorney* (August/September 2002); "Certification of Employment Discrimination Actions After The Passage of the 1991 Civil Rights Act: (b)(2) or Not (b)(2), That Is The Question," *Class Actions & Derivative Suits*, Vol. 10 (March 2000); Co-Author with Joshua P. Davis, "Allison v. Citgo Petroleum Corp.- A Noble Retreat," *Class Actions & Derivative Suits*, Vol. 9, No. 1 (Winter 1999); Co-Author with Kelly Dermody, "Discovery in Employment Discrimination Class Actions," in Litigation and Settlement of Complex Class Actions (Glasser Legal Works 1998); Co-Author with Melanie M. Piech, "The Impact of the Private Securities Litigation Reform Act:  Unintended Consequences," Securities Reform Act Litigation Reporter, Vol. 6, No. 3 (Dec.

1998); Co-Author with Karen Jo Koonan, "The Importance of Anecdotal Testimony to the Jury Trial of a Title VII Class Action: Lessons from *Butler v. Home Depot*," Class Actions & Derivative Suits, Vol. 8, No. 3 (Summer 1998); "Northern District of California Requires Internet Posting of Pleadings And Key Briefs In Securities Actions," *Securities Reform Act Litigation Reporter* (1997); "Class Actions: Useful Devices That Promote Judicial Economy And Provide Access to Justice," 41 *New York Law School Law Review* 353 (1997); Co-Author with Melvin R. Goldman, "Deposing Expert Witnesses" in *Taking Depositions* (ABA) (1989); Co-Author with George C. Weickhardt, "New Push For Chemical Weapons," *Bulletin of the Atomic Scientist* (Nov. 1986); Comment, "The General Mining Law and The Doctrine of Pedis Possessio: The Case For Congressional Action," 49 *University of Chicago Law Review* 1027 (1982).

13. During the Spring Semester of 2008, I was an Adjunct Professor of Law at the University of California Hastings College of Law, where I taught a first year course on statutory construction, focusing on employment discrimination law.

14. My law partner, Eileen B. Goldsmith, is also representing Plaintiff and the proposed Class in this action.

15. Ms. Goldsmith joined Altshuler Berzon LLP as an associate in 2001, and became a partner in the firm in 2009. She earned a B.A. from Brown University in 1990 and her J.D. from Yale Law School in 2000. She served as a law clerk to Judge Marsha S. Berzon of the United States Court of Appeals for the Ninth Circuit from 2000-2001. In addition to the instant case, she has litigated, or is currently litigating, numerous class, collective, and representative actions: *Ibarra v. Wells Fargo Bank, NA*, 18-55626 (U.S. Court of Appeals for the Ninth Circuit) (defending $97 million wage and hour class action judgment on appeal); *Fernandez v. Bank of America*, 17-6104-MWF (C.D. Cal.) and 19-55326 (Ninth Circuit) (pending wage and hour class and collective action on behalf of mortgage lending officers); *De La*

*Paz v. Simpson Strong-Tie Co.*, RG17874434 (Alameda County Superior Ct.) (pending meal and rest break class action); *Warner v. Fry's Electronics, Inc.*, MSC14-2052 (Contra Costa Superior Ct.) (pending Cal. Labor Code Private Attorneys General Act representative action arising from minimum wage violations); *McDonald v. CP Opco LLC*, 17-4915-HSG (N.D. Cal.) (pending federal and state WARN Act class action); *Behaien v. Pizza Hut, Inc.*, BC384563 (L.A. Superior Court) ($6 million employment class action settlement); *Lopez v. Delta Air Lines, Inc.*, 15-cv-07302-SVW-SS (C.D. Cal.) ($4.75 million settlement of wage-and-hour class action); *Tokoshima v. The Pep Boys – Manny, Moe & Jack*, 12-cv-4810-CRB (N.D. Cal.) ($3.6 million settlement of minimum wage class action); *Amaral v. Cintas Corp. No. 2*, HG03103046 (Alameda County Superior Ct.) (judgment for plaintiffs in certified class action alleging violations of Living Wage Ordinance, affirmed, 163 Cal.App.4th 1157 (2008)); *Aguiar v. Cintas Corp. No. 2*, BC310696 (L.A. Superior Ct.) ($6.5 million settlement of certified class action alleging violations of Living Wage Ordinance); and *Veliz v. Cintas Corp.*, 03-1180 SBA (N.D. Cal.) ($22.75 million settlement in national class and collective overtime action).

16. From 2012-2017, Ms. Goldsmith served on the Executive Committee of the State Bar of California's Labor & Employment Section. Since 2016, she has served on the Board of Directors of the AFL-CIO Lawyers Coordinating Committee. She was named a Northern California Super Lawyers "Rising Star" in 2011.

## II.   Active and Diligent Prosecution of this Action

17. Along with our co-counsel Matern Law Group, PC, my colleagues and I have vigorously prosecuted this case since filing the lawsuit in March 2019.

18. We conducted detailed factual and legal investigations of the claims of Plaintiffs and the proposed Class at the outset of this case, and have continued to

investigate the claims of Plaintiffs and the Class diligently as the case has progressed.

19. The parties exchanged Initial Disclosures on August 8, 2019

20. We served Requests for Production of Documents and Interrogatories on Defendant Delta. We received documents from Delta and reviewed those documents.

21. On Plaintiff Fan's behalf, we also responded to Requests for Production of Documents from Defendant Delta.

22. Deposition discovery has been active in this case. We took depositions of three of Delta' corporate representatives, on a variety of topics. We also defended the deposition of the Named Plaintiff, Howard Fan.

### III. Altshuler Berzon's Attorneys' Fees Lodestar

23. Altshuler Berzon undertook the representation in this case on a purely contingency fee basis, to the exclusion of other paying work, devoting substantial time and out-of-pocket costs to this case. To date, Altshuler Berzon has not been compensated for any of the time we spent on this matter.

24. Altshuler Berzon made every effort to litigate this case efficiently by reducing duplication of effort.

25. The regular business practice at Altshuler Berzon is for attorneys to keep contemporaneous time records. That practice was followed in this case. Attorney time is entered into our computer system, and that information is used to generate time records.

26. Altshuler Berzon attorneys and paralegals spent more than 371 hours on this litigation through December 30, 2019. This time was spent on numerous essential litigation tasks in prosecuting this action over more than a year, including but not limited to: (1) ongoing investigation, fact development and legal research; (2) preparing the complaint; (3) propounding written discovery on Delta; (4)

reviewing and analyzing documents and employee data produced in discovery; (5) meeting and conferring with opposing counsel regarding defendants' discovery responses; (6) taking the depositions of three Delta witnesses designated pursuant to Fed.R.Civ.P. 30(b)(6); (7) preparing Plaintiff Howard Fan for his deposition and defending him at his deposition; (8) preparing for the mediation, including researching and drafting a detailed mediation brief; (9) participating in the mediation and other informal settlement negotiations; (10) negotiating and drafting the final Settlement Agreement; (11) briefing the motion for preliminary settlement approval and; and (12) preparing the motions in connection with final settlement approval.

27. Using our firm's computerized time records, our accountant prepared a detailed billing statement of all time entries in the case through December 31, 2019, as reduced by our exercise of billing judgment. The breakdown of hours for each biller is set forth below:

| **Biller** | **Hours** |
|---|---|
| James M. Finberg | 289.9 |
| Eileen Goldsmith | 32.6 |
| Eric Brown | 10.2 |
| Paralegals | 38.5 |
| Totals | **371.2** |

28. Altshuler Berzon, LLP, is requesting compensation for their professional services at the following hourly rates, which were our firm's commercial hourly rates for 2019:

| Biller | Law School Graduation Year | Hourly Rate |
|---|---|---|
| James M. Finberg | 1983 | $980.00 |
| Eileen Goldsmith | 2000 | $860.00 |
| Eric Brown | 2008 | $825.00 |
| Paralegals | n/a | $285.00 |

29. The market rate fees set forth above for the Altshuler Berzon attorneys and paralegals who worked on this case, and are supported by our extensive and specialized experience litigating wage-and-hour claims like those at issue in this case.

30. My commercial hourly rate for 2019 was $980/hour. In 2018, I billed my commercial clients at a rate of $940/hour, and was paid at that rate by at least two commercial clients, including the City and County of San Francisco. In 2017, I billed my commercial rate of $930/hour, and was paid at that rate by at least two clients, one of which was the City and County of San Francisco. In addition, in each year from 2007 to 2016, at least one paying client has paid me by the hour at my commercial hourly rate. In 2016, my commercial hourly rate was $925/hour. In 2014 and 2015, my commercial hourly rate was $895 per hour. In 2013, my commercial hourly rate was $875 per hour. In 2012 my commercial hourly rate was $850 per hour. In 2010, a paying client paid me at my commercial rate of $785 per hour that year for over 840 hours of work at that rate. In 2011, that client paid me at my commercial rate of $825 per hour that year.

31. Ms. Goldsmith has billed clients at her then-current commercial rates in each year since 2015. She is currently billing two clients at her commercial rate of $860.

32. I have personal knowledge of the hourly rates charged by other attorneys with comparable experience to mine in California. Based on that information, I believe that Altshuler Berzon's commercial rates are fully consistent with the market rate for attorneys with comparable expertise, experience, and qualifications.

33. Altshuler Berzon's commercial hourly rates (or their historical equivalents) have been repeatedly approved by courts, including in the following cases: *McDonald v. CP OPCO, LLC.,* No. 4:17-cv-04915-HSG (N.D. Cal.) (approving my 2019 commercial rate of $980 per hour as reasonable) (**Exhibit B**); *Lopez v. Delta Air Lines, Inc.*, 15-cv-07302-SVW-SS (C.D. Cal.) (**Exhibit C**) (approving my 2017 commercial rate of $930 per house as reasonable); *Spicher v. Aidells' Sausage Co.*, Case No. No. 3:15-cv-05012-WHO (N.D. Cal.) (**Exhibit D**) (approving my 2017 rate of $930 per hour, 2017 law clerk rate of $285 per hour, and 2017 paralegal rate of $250 per hour); *Cancilla v. Ecolab, Inc.,* Case No. 12-CV-3001 JD (N.D. Cal) (approving my 2015 rate of $895 per hour) (**Exhibit E**); *Tokoshima v. The Pep Boys — Manny, Moe & Jack,* Case No. 12-04810 CRB (N.D. Cal.) (approving my 2014 rate of $895, mid-level partner 2014 rate of $775, and junior partner 2014 rate of $635) (**Exhibit F**); *Bell v. Farmers Services, LLC,* BC438517 (Los Angeles County Super. Ct.) (approving my 2013 rate of $875 per hour, mid-level partner 2013 rate of $750 per hour, law clerk rate of $250 per hour, and paralegal rate of $225 per hour) (**Exhibit G**); *Pioneer Roofing v. Sheet Metal Workers Local 104*, Case No. 15-cv-03544-JD (N.D. Cal.) (approving Ms. Goldsmith's 2017 rate of $720) (**Exhibit H**).

34. Applying Altshuler Berzon's commercial hourly rates to the hours spent on this case (as reduced in the exercise of billing judgment) yields the following lodestar chart:

| **Biller** | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| James M. Finberg | 289.9 | $980.00 | $284,102.00 |
| Eileen Goldsmith | 32.6 | $860.00 | $28,036.00 |
| Eric Brown | 10.2 | $825.00 | $8,415.00 |
| Paralegals | 38.5 | $285.00 | $10,972.50 |
| **Totals** | **371.2** | | **$331,525.50** |

35. As the preceding chart shows, Altshuler Berzon's lodestar through December 31, 2019 is $331,525.50. This lodestar calculation does not include time spent on this case after January 2020 and time that will necessarily be spent on the case after final approval, in assisting class members and the settlement administrator in administering the settlement.

### Litigation Expenses

36. The normal business practice at Altshuler Berzon is for our bookkeeper to keep track of litigation expenses for a case, such as filing fees, copying costs, and postage, and to bill such expenses separately from our hourly rates. That practice was followed in this case.

37. **Exhibit I** is a summary of the litigation expenses incurred by Altshuler Berzon in litigating this case through December 31, 2019. These expenses total $6,451.22. **Exhibit I** was prepared under my direction from Altshuler Berzon's contemporaneous expense records.

38. **Exhibit I** includes the following categories of expenses: court electronic records fees, on-line legal research, postage and courier services, travel, telephone charges, and in-house photocopying and printing. The expenses on **Exhibit I** are out-of-pocket expenses that were actually and reasonably incurred in

15
DECLARATION OF JAMES M. FINBERG IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
2:19-cv-04599-SVW-SS

the ordinary course of this litigation. Altshuler Berzon LLP has been reimbursed by the Matern Law Group for these out of pocket costs and expenses.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at San Francisco, California, January 22, 2019

_____
James M. Finberg