EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO LOPEZ et al.<br><br>    Plaintiffs,<br><br>v.<br><br>DELTA AIRLINES, INC. et al.<br><br>    Defendants. | No. 2:15-cv-07302-SVW-SS<br><br>[Assigned to Hon. Stephen V. Wilson; Magistrate Judge: Hon. Suzanne H. Segal]<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE PAYMENTS** |

///
///
///

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS AND CLASS REPRESENTATIVE SERVICE PAYMENTS
No. 2:15-cv-07302-SVW-SS

The Court, having considered the papers submitted in support of Plaintiffs Reynaldo Lopez, LaDona Narr, Karl Armstrong, Eunice Delgadillo, Umberto Mendoza and Aveia Tautolo's ("Plaintiffs") Motion for Attorneys' Fees, Costs and Class Representative Service Payments, hereby finds and orders as follows:

**FINDINGS OF FACT**

1. Pursuant to the Stipulation of Settlement ("Stipulation") (Dkt. 138-3), Class Counsel are entitled to attorneys' fees in an amount not to exceed $1,416,667.00, subject to court approval, and reimbursement of costs as determined by the Court. Pursuant to the Declaration of Matthew J. Matern (Dkt. 138-2, ¶ 39), Class Counsel's costs were not expected to exceed $190,000.00.

2. As of September 28, 2017, Class Counsel's combined lodestar calculation is $1,568,474.75, representing a total of 2724.55 attorney hours at Class Counsel's customary hourly rates.

3. Class Counsel's hourly rates are reasonable and in line with rates prevailing in the community for attorneys of comparable skill, experience, and reputation.

4. The number of hours expended and documented by Class Counsel was reasonable and necessary under the circumstances of this action.

5. The attorneys' fees requested in the amount of $1,416,667.00 represent a negative multiplier of approximately 0.90 of Class Counsel's lodestar.

6. Class Counsel's request for an award of $1,416,667.00 in attorneys' fees represents 33-1/3% of the common settlement fund.

7. Therefore, whether analyzed on a lodestar/multiplier basis or as a percentage of the common fund, the attorneys' fees requested by Class Counsel in the amount of $1,416,667.00 are fair and reasonable.

8. Class Counsel has incurred $171,942.48 in costs and expenses. Such costs and expenses were reasonably incurred in prosecuting this action on behalf of the Class.

9. The Class Notice approved by the Court and disseminated via U.S. Mail to the Class Members by the Settlement Administrator notified Class Members of the maximum amounts of attorneys' fees and costs sought by Class Counsel. The Class Notice further notified Class Members of their right to object to the Settlement and the deadline to file an objection. The Motion for Attorneys' Fees and Costs was filed before the deadline to object to the Settlement.

10. ____ objections have been filed to the requests for attorneys' fees, costs and Class Representative Service Payments.

## CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 23(h)(3) and 52(a), the Court reaches the following conclusions of law:

1. As this Court's jurisdiction arises under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which means the Court is sitting in diversity, the Court applies California state law in assessing Class Counsel's fee application, as both the availability of a fee award and the method of calculating that award are considered substantive issues reflecting important state policy. *See Mangold v. California Public Utilities Commission*, 67 F. 3d 1470, 1478 (9th Cir. 1995) ("The method of calculating a fee is an inherent part of the substantive right to the fee itself, and a state right to an attorneys' fee reflects a substantial policy of the state."); *Gezalyan v. BMW of North America*, 697 F. Supp. 2d 1168, 1170 (C.D. Cal. 2010) ("In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees."); *Gonzalez v. S. Wine & Spirits of Am., Inc.*, 555 F. App'x 704, 704 (9th Cir. 2014) ("The district court abused its discretion in applying federal law instead of California substantive law to the calculation of attorney's fees. Because the district court exercised diversity jurisdiction over this case, California substantive law applies to the calculation of the attorney fee award.").

///

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE PAYMENTS
No. 2:15-cv-07302-SVW-SS
2

2. Class Counsel is entitled to recover reasonable attorneys' fees and costs of suit under Labor Code §§ 1194 and 2802, as this litigation culminated in a settlement that provided for a recovery of unpaid wages and unpaid expense reimbursements.

3. Class Counsel is also entitled to a fee award under California's private attorney general statute, Code of Civil Procedure § 1021.5, as (a) this action has resulted in the enforcement of an important right affecting the public interest, (b) a significant benefit, whether pecuniary or nonpecuniary has been conferred on the general public or a large class of persons, and (c) the necessity and financial burden of private enforcement are such as to make the award appropriate.

4. Under the lodestar method, the court considers a compilation of the time spent and a reasonable hourly compensation of each attorney to evaluate the reasonableness of the fee requested. *See Ramos v. Countrywide Home Loans*, Inc., 82 Cal. App. 4th 615, 622 (2000). The hours spent and the reasonable hourly compensation are computed to arrive at a "lodestar" figure which may then be augmented or diminished by the court taking into account various "multiplier" factors. *Id.* (citing *Serrano,* 20 Cal. 3d at 48-49).

5. Under California law, "[m]ultipliers can range from 2 to 4 or even higher." *Wershba v. Apple Computer*, 91 Cal. App. 4th 224, 254-255 (2001). To determine whether a positive lodestar multiplier is justified, California courts consider various factors, including: (1) the contingent nature of the fee agreement, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award; (2) the novelty or difficulty of the questions involved, and the skill displayed in presenting them; (3) the results obtained; and (4) any delay in payment. *See Serrano,* 20 Cal. 3d at 49; *Ramos,* 82 Cal. App. 4th at 622; *Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553, 582 (2004).

///

///

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE PAYMENTS
No. 2:15-cv-07302-SVW-SS
3

6. The California Supreme Court has held that "when a number of persons are entitled in common to a specific fund, and an action brought by a plaintiff or plaintiffs for the benefit of all results in the creation or preservation of that fund, such plaintiff or plaintiffs may be awarded attorneys' fees out of the fund." *Serrano*, 20 Cal.3d at 34. (internal citations omitted); *see also Laffitte v. Robert Half International, Inc.*, 1 Cal. 5th 480, 506 (2016).

7. While there is no specific benchmark under California law, payment of 30% through 45% of the fund amount toward attorneys' has been determined to be a reasonable amount. *See* Cabraser, *California Class Actions Practice and Procedure*, § 15.03 (LexisNexis, 2003); *see also Laffitte*, 1 Cal. 5th at 506 (affirming fee award equal to 33-1/3% of the common fund created by the settlement).

8. United States District Courts in California have commonly awarded attorneys' fees ranging from 30 to 40 percent in common fund cases. *See Corral v. Lifecare Solutions Inc.*, No. CV12-10074-FMO (PJWx), Dkt. No. 55 (C.D. Cal. Nov. 6, 2014) (approving requested fee award of 33 1/3%); *Ruiz v. JCP Logistics, Inc.*, No. SACV131908JLSANX, 2016 WL 6156212, at *10 (C.D. Cal. Aug. 12, 2016) (awarding attorney's fees of 30% of the gross settlement fund); *Ingalls v. Hallmark Mktg. Corp.*, No. 08-CV-4342-VBF (E), 2009 U.S. Dist. LEXIS 131078 (C.D. Cal. Oct. 16, 2009) (wage and hour class action awarding fees equal to 33 1/3%); *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-04149 MMM SHX, 2008 WL 8150856, at *16 (C.D. Cal. Jul. 21, 2008) (concluding 34% fee award is fair and reasonable in wage and hour class action).

9. Class Counsel is entitled to recover reasonable attorneys' fees and costs of suit under Labor Code §§ 1194 and 2802 as this litigation culminated in a settlement that provided for a recovery of unpaid wages and unpaid expense reimbursements.

///

///

10. Courts routinely grant enhancements for class representatives, which are necessary to provide an incentive to represent the class and are appropriate given the benefit the Class Representatives produce for the class. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). The requested enhancements of $10,000 each for the two Class Representatives, LaDona Narr and Karl Armstrong, are fair and reasonable in light of the Class Representatives' efforts on behalf of the Class, including in bringing the action, participating in discovery and sitting for deposition, and assisting Class Counsel in investigation and fact development. In addition, the Class Representatives undertook substantial reputational risk in pursuing a class action lawsuit against their former employer, and have agreed to broader releases in the Settlement than the absent Class Members.

## ORDER

Pursuant to Fed. R. Civ. P. 23(h), the Court orders as follows:

1. Class Counsel are awarded attorneys' fees in the amount of $1,416,667.00 for their services in connection with the litigation and resolution of the claims asserted in this action, to be paid from the Gross Settlement Amount pursuant to the terms of the Stipulation;

2. Class Counsel are awarded $171,942.48 in costs and expenses, to be paid from the Gross Settlement Amount pursuant to the terms of the Stipulation; and

3. Plaintiffs and Class Representatives LaDona Narr and Karl Armstrong are awarded $10,000.00 each for their service to the Class.

**IT IS SO ORDERED.**

Date: November 15, 2017

                                              Hon. Stephen V. Wilson
                                              United States District Judge