# EXHIBIT D

JAMES M. FINBERG (SBN: 114850)
Email: jfinberg@altshulerberzon.com
EVE H. CERVANTEZ (SBN: 164709)
Email: ecervantez@altshulerberzon.com
CONNIE K. CHAN (SBN: 284230)
Email: cchan@altshulerberzon.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

JOHN T. MULLAN (SBN: 221149)
Email: jtm@rezlaw.com
MICHELLE G. LEE (SBN: 266167)
Email: mgl@rezlaw.com
**RUDY, EXELROD, ZIEFF & LOWE, L.L.P.**
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

Attorneys for Plaintiffs CARMEN SPICHER and
DAVID FLEMING and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARMEN SPICHER and DAVID FLEMING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AIDELLS SAUSAGE COMPANY, INC.,<br><br>Defendant. | Case No. 3:15-cv-05012-WHO<br><br>**REVISED ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:    May 31, 2017<br>Time:   2:00 p.m.<br>Ctrm.:   2<br>Judge:  The Hon. William H. Orrick<br><br>Trial Date: None Set<br>FAC Filed: January 17, 2015 |

Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Costs and Expenses came on for hearing before this Court on May 31, 2017. Having considered the arguments and evidence, and for the reasons that follow, the Court hereby GRANTS Plaintiffs' motion and awards Class Counsel $593,750.00 in attorneys' fees (25% of the settlement fund) and $43,883.49 in costs and expenses.

### I.  The Requested Fee Award Is Reasonable

The Court finds that the requested fee award, which is 25% of the settlement fund and only approximately two-thirds of Class Counsel's lodestar, is reasonable under both the percentage-of-the-fund method and a lodestar cross-check, particularly in light of the substantial time and resources Class Counsel devoted to this risky litigation on a contingency basis, and in light of the excellent results obtained through the settlement. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942, 944 (9th Cir. 2011); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

After two years of hard-fought litigation, Class Counsel secured a $2.375 million, non-reversionary settlement with Defendant Aidells Sausage Company, Inc. ("Defendant" or "Aidells") on behalf of approximately 509 former Aidells employees who performed product demonstrations in retail and Costco stores throughout the state. Pursuant to the terms of the Settlement Agreement, after deducting proposed attorneys' fees and costs, proposed service payments to the two named plaintiffs, LWDA payment, an errors and omissions fund, and settlement administration costs, the remainder of the fund (approximately $1.666 million) will automatically be distributed to all Class Members who can be located and who do not timely exclude themselves from the settlement by opting out. The average gross (*i.e.*, pre-tax) payment to each Class Member will be over $3,000.00. *See* Settlement Agreement, Dkt. 60-3 ("Settlement") ¶¶III.L.7, III.M.2.

In order to obtain this significant benefit for the Class, Class Counsel devoted substantial time and resources to investigating and litigating this complex class and collective action over more than two years – all of which was undertaken on a contingency basis in the face of considerable risk that Class Counsel would ultimately receive no compensation at all. Class

1  Counsel's efforts included conducting extensive informal factual investigation (including
2  interviews with dozens of absent class members), reviewing voluminous documents produced in
3  discovery, and taking and defending depositions.  At the time the parties reached settlement,
4  Plaintiffs' motion for certification under Rule 23 was already fully briefed.  The Court finds that
5  the excellent results Class Counsel achieved for the Class in the face of considerable litigation
6  risks, and the substantial burdens Class Counsel shouldered for over two years while pursuing
7  this litigation on a contingency basis at the expense of other work, all support the reasonableness
8  of the requested fee award.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir.
9  2002).

10  The percentage Class Counsel seeks (25%) is the Ninth Circuit benchmark for common
11  fund awards.  *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir.
12  2015); *In re Bluetooth*, 654 F.3d at 942.  Here, the Court finds that a fee award of 25% is
13  reasonable under the common fund doctrine, particularly in light of the excellent results achieved
14  and the significant risks presented.  No special circumstances require departure from the 25%
15  "benchmark" standard.  *See Six (6) Mexican Workers*, 904 F.2d at 1311.

16  The Court finds that the reasonableness of the fee request is confirmed by a lodestar
17  cross-check.  Class Counsel's lodestar as of March 23, 2017, the date of their Motion for
18  Attorneys' Fees and Costs, exceeded $852,800.00.  Declaration of James M. Finberg in Support
19  of Plaintiffs' Motion for Attorneys' Fees and Expenses ("Finberg Fee Decl.") ¶¶31-32;
20  Declaration of John Mullan in Support of Plaintiffs' Motion for Attorneys' Fees and Expenses
21  ("Mullan Fee Decl.") ¶¶35-37; *see In re Bluetooth*, 654 F.3d at 942, 944-45 (endorsing use of
22  lodestar cross-check); *Vizcaino*, 290 F.3d at 1050.  Between March 23, 2017, and May 15, 2017
23  Class Counsel performed additional work. (Finberg Reply Decl. ¶3). Thus, the requested fees are
24  considerably *lower* than Class Counsel's lodestar.

25  The Court finds that the hours and rates used to calculate Class Counsel's lodestar, as
26  documented in detail in Class Counsel's supporting declarations, are reasonable.  As detailed in
27  the accompanying declarations of Class Counsel, Class Counsel spent more than 1,615 hours
28  litigating this case without any guarantee of payment, and faced substantial risk that they would

not be compensated for their time. Finberg Fee Decl. ¶¶15-22, 30-32; Mullan Fee Decl. ¶¶21-28, 37. The Court finds that this time was reasonably spent on numerous essential litigation tasks in prosecuting this action over more than two years. The Court thus finds that the hours used in calculating Class Counsel's lodestar are reasonable.

The Court also finds that the rates used in calculating Class Counsel's lodestar are reasonable. The lodestar should be calculated using hourly rates that are "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), and it is appropriate to apply each attorney's current rates for all hours of work, regardless of when performed, to account for the delay in payment resulting from the years it took to litigate the case, *see Missouri v. Jenkins*, 491 U.S. 274, 282-84 (1989). Here, Class Counsel's experience, reputation, and ability justify the hourly rates used to calculate the lodestar, which are consistent with the market rates for attorneys of their level of skill and experience. The hourly rates used by Class Counsel to calculate their lodestar are rates that paying clients have actually paid them, and that have repeatedly been approved by this and other courts as reasonable. Moreover, while the complexity and risks of this litigation would justify enhancement of the lodestar by a risk multiplier, *see Vizcaino*, 290 F.3d at 1051, Class Counsel seek a fee award that is only approximately two-thirds of their actual lodestar, which further underscores the reasonableness of their fee request.

For all the foregoing reasons, the Court finds that the requested fee award is fair, reasonable, and appropriate, and accordingly awards Class Counsel $593,750.00 in attorneys' fees.

**II.     The Requested Cost Award Is Reasonable**

The Court finds that Class Counsel are also entitled to reimbursement from the settlement fund in the amount of $43,883.49 for litigation costs and expenses reasonably incurred, which is more than $6,116.00 less than the amount they are authorized to seek under the terms of the Settlement Agreement. *See* Settlement ¶III.M.4. Like attorneys' fees, these expenses should be paid from the common fund because all Class Members should share their fair share of the costs of the litigation, from which they benefitted. The expenses for which Class Counsel seek

reimbursement are the normal costs of litigation that are traditionally billed to paying clients. *See, e.g.*, *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (attorneys should recover reasonable out of pocket costs of the type ordinarily billed to paying clients). The Court has reviewed the supporting declarations of Class Counsel and finds that the costs and expenses for which they seek reimbursement were necessary to the prosecution of this litigation, were the sort of expenses normally billed to paying clients, and were incurred for the benefit of the class. The Court finds that Class Counsel's costs are reasonable and reimbursable, and accordingly awards Class Counsel $43,883.49 in costs and expenses. *See, e.g.*, *In re Immune Response Sec. Litig.*, 497 F.Supp.2d 1166, 1177-78 (S.D. Cal. 2007).

**IT IS SO ORDERED.**

Dated: May 31, 2017

_____
Honorable William H. Orrick III
United States District Court Judge