# EXHIBIT F

1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| STEVE TOKOSHIMA, LUIS FLORES, and JAMES FABER, on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>THE PEP BOYS - MANNY MOE & JACK OF CALIFORNIA, a California Corporation; THE PEP BOYS - MANNY MOE & JACK, a Pennsylvania Corporation; and DOES 1-10,<br><br>    Defendants. | CASE NO.: C12-4810 CRB<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Date: January 9, 2015<br>Time: 10:00 a.m.<br>Ctrm.: 6<br>Judge: Hon. Charles R. Breyer |

[Proposed] Order Granting Final Approval of Class Action Settlement; Granting Motion for Attorney's Fees and
Reimbursement of Expenses; Case No.: C12-4810 CRB

This matter was heard by the Court on January 23, 2015, at 10:00 a.m., in Courtroom 6, of United States District Court, Northern District of California, before the Honorable Charles R. Breyer, pursuant to the noticed Motions for Final Approval of Class Action Settlement and for Attorneys' Fees and Reimbursement of Expenses.

The Court has reviewed the materials submitted by the parties, as well as the comments and materials received from parties interested in the Settlement and has heard arguments presented at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

The Court, having considered the documents filed by the Parties in connection with the class action settlement, the arguments of counsel, the Motion for Final Approval of Class Action Settlement, pursuant to Fed. R. Civ. P. 23(e), filed December 1, 2014, Dkt. 75; the Motion for Attorney's Fees and Reimbursement of Expenses, filed December 1, 2014, Dkt. 76; the Joint Stipulation of Settlement and Release of Claims ("Settlement Agreement," Docket No. 72-2); this Court's Order re Motion for Class Certification and Motion to Strike filed April 28, 2014, Dkt. 65; the Motion for Preliminary Approval of Class Action Settlement, Dkt. 72; this Court's Order Granting Preliminary Approval of Class Action Settlement filed September 26, 2014, Dkt. 73; and the Reply Brief in support of Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs filed December 22, 2014, hereby grants final approval of the Settlement and grants the motion for attorney's fees and reimbursement of expenses and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1.   Except as otherwise specified herein, the Court for purpose of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

2.   This Court has jurisdiction over the subject matter of this litigation and all claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over The Pep Boys – Manny, Moe and Jack and The Pep Boys – Manny Moe and Jack of California (collectively "Defendants"), and all Class Members. Specifically, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

3.   Pursuant to this Court's Order filed September 26, 2014, Docket No. 73, the Notice

[Proposed] Order Granting Final Approval of Class Action Settlement; Granting Motion for Attorney's Fees and Reimbursement of Expenses; Case No.: C12-4810 CRB

1

of Settlement ("Notice") was mailed by first-class mail, on October 16, 2014, to 1,490 Class Members. Most of the Notices were not returned as undeliverable, and the vast majority of Notice Packets that were initially returned undeliverable were re-mailed to new addresses determined after investigation. The Notice advised the class of the pertinent terms of the proposed settlement, namely, the claims to be resolved by way of the settlement, the Gross Settlement Amount, the preliminary estimate of settlement payments and the basis for calculating each Class Members' settlement payment, the method for distributing settlement payments, the proposed deductions for attorney's fees, litigation costs, settlement administration costs, class representative enhancement payments, and amount to be paid to the State of California's Labor Workforce and Development Agency ("LWDA") under the Private Attorney General Act ("PAGA"). *See* Class Notice, Dkt. 72-3. It further informed Class Members of the manner in which to request exclusion or to object to the settlement and the deadlines for each, and their right to appear in person or by counsel at the final approval hearing. Adequate periods of time were provided by each of these procedures. *Id.* As a part of this notice process, no class member has sought to be excluded from the Settlement Class, no Class Member has submitted a written objection, and no Class Member has stated an intention to appear at the final approval hearing.

4. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, and therefore fully satisfied the requirements of Fed. R. Civ. P. 23(c) and (e), and due process.

5. The Court hereby approves the Settlement pursuant to Fed. R. Civ. P. 23(e), as set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable and adequate. The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and Defendants' defenses with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of non-collusive, arms-length negotiations between experienced counsel representing the interests of the Class and Defendants, after thorough legal and factual investigation. In granting final approval of the Settlement, the

1  Court considered the nature of the claims, the overall amount of the Settlement and the allocation
2  of settlement proceeds among the Class Members, and the fact that the Settlement represents a
3  compromise of the parties' respective positions rather than the result of a finding of liability at trial.
4  Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do
5  not improperly grant preferential treatment to any individual Class Member.  In addition to these
6  reasons and those set forth in the Court's statements on the record at the preliminary approval
7  hearing and those set forth in the Preliminary Approval Order, the fact that no Class Member
8  objected or opted out further supports the Court's finding that the Settlement is fair, reasonable,
9  and adequate.

10       6.     The Court finds and determines that the Settlement Payments to be paid to the Class
11 Members as provided for by the Settlement are fair and reasonable.  The Court hereby gives final
12 approval to and orders the payment of those amounts be made to the Class Members in accordance
13 with the terms of the Settlement.

14       7.     The Court finds and determines that the $5,000.00 amount to be paid from the Gross
15 Settlement Amount to the LWDA for civil penalties under PAGA, as provided for by the
16 Settlement, is fair and reasonable.  The Court hereby gives final approval to and orders said
17 payment to the LWDA in accordance with the terms of the Settlement.

18       8.     Nothing in this order shall preclude any action to enforce the Parties' obligations
19 under the Settlement or under this Order, including the requirement that Defendants make
20 payments to the Class Members in accordance with the Settlement.

21       9.     The Court hereby directs the parties to effectuate the terms of the settlement as set
22 forth in the Settlement Agreement.

23       10.    The Court also approves the settlement of the Released Claims as defined in
24 paragraph V.1.38 of the Settlement Agreement.

25       11.    The Court also approves the payment of actual costs incurred, up to $39,000, from
26 the Gross Settlement Amount to Simpluris Inc. for the costs of administering the Settlement as set
27 forth in the Settlement Agreement.

28       12.    Every person in the class who did not submit a valid and timely request for

1  exclusion is a Class Member and shall be bound by the Settlement and the separately filed Final
2  Judgment and Dismissal.
3        13.    As of the Effective Date of the Settlement, all of the Released Claims of each Class
4  Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and
5  shall be deemed to be conclusively released as against the Pep Boys Releasees (as defined by the
6  Settlement).  As of the date of this Order of Final Approval, all Class Members who did not timely
7  opt out are hereby forever barred and enjoined from commencing or prosecuting any of the claims,
8  either directly, representatively or in any other capacity, that are released by the Settlement against
9  any of the Pep Boys Releasees.
10       14.    Neither the Settlement nor any of the terms set forth in the Settlement constitutes an
11 admission by the Defendants, or any of the Pep Boys Releasees, of liability to the Plaintiffs or any
12 Class Member, nor does this Order of Final Approval constitute a finding by the Court of the
13 validity of any of the claims alleged in the Action, or of any liability of the Defendants or any of
14 the other Pep Boys Releasees.  Neither the making of nor entering into the Settlement
15 constitutes an admission by the Pep Boys Releasees; nor is this Order of Final Approval a finding
16 of the validity of any claims in the Action or of any other wrongdoing.  Further, the Settlement is
17 not a concession and shall not be used as an admission of any wrongdoing, fault or omission of any
18 entity or persons; nor may any action taken to carry out the terms of the Settlement be construed as
19 an admission or concession by or against the Pep Boys Releasees.  Evidence of the making or
20 entering into the Settlement shall not be offered or received into evidence in any action or
21 proceeding against any party hereto in any Court, or other tribunal for any purpose, other than to
22 enforce the instant Order of Final Approval, the Judgment, or the Settlement, or to support a
23 defense by the Pep Boys Releasees of res judicata, collateral estoppel, release, good faith
24 settlement, judgment bar or reduction.
25       15.    The Class Representatives have fairly and adequately represented and protected the
26 interests of the Class in the Action.  In light of their efforts, the Court hereby awards class
27 representative incentive awards as follows:  The Court approves Service Payments to the Class
28 Representatives in the amount of $10,000.00 to Steve Tokoshima, $10,000.00 to James Faber, and

1  $7,500.00 to Luis Flores, as an enhancement for the initiation of this action, work performed, and
2  risks undertaken, as more fully set forth in the moving papers and Class Representative
3  Declarations.  These amounts are separate and apart from any other recovery to which these Class
4  Representatives might be entitled to under other provisions of the Settlement Agreement.

5  16. The Court finds that notice of the requested award of attorney's fees and
6  reimbursement of costs and expenses was directed to Class Members in a reasonable manner, and
7  complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure.  Class Members and any
8  party from whom payment is sought have been given the opportunity to object pursuant to Rule
9  23(h)(2) of the Federal Rules of Civil Procedure, and no Class Member has objected to the
10 requested fees or expenses.

11 17. Class Counsel, having conferred a benefit on absent Class Members and having
12 expended efforts to secure a benefit to the Class, is entitled to a fee and accordingly, the Court
13 approves the application of Class Counsel, 1) Altshuler Berzon LLP; and 2) Rastegar & Matern, in
14 the total amount of $1,080,000.00, or 30 percent of the gross settlement fund, for their attorney's
15 fees and $97,207.56 for their actual litigation expenses incurred.  The award of 30 percent of the
16 common fund is within the range of attorney fee awards in similar wage-and-hour class actions and
17 is warranted in this case due to the high level of risk involved and the exceptional skill and
18 diligence required to litigate and resolve the novel legal claims at issue.  The propriety of awarding
19 30 percent of the common fund in this case is confirmed by the lodestar cross-check.  Based on the
20 time expended and rates charged, which the Court specifically finds to be reasonable, Class
21 Counsel's lodestar actually exceeds the common fund award.

22 18. The Court further approves and directs Simpluris Inc., the appointed Settlement
23 Administrator, to disburse to those persons and entities referenced below, in the manner set forth,
24 the following sums:

25     A.    Class Members, by check, his/her individual Settlement Payment as
26 calculated by the Settlement Administrator within thirty (30) calendar days
27 of the "Effective Date" as defined in paragraph V.1.18 of the Settlement
28 Agreement, and by second check, any additional amount determined to be

|   |   |   |
|---|---|---|
| 1 |   | owing to each Class Member pursuant to paragraphs V.8.6-V.8.10 of the |
| 2 |   | Settlement Agreement, on the timelines set forth therein; |
| 3 | B. | Class Representatives, the sums of $10,000.00 to Steve Tokoshima, |
| 4 |   | $10,000.00 to James Faber, and $7,500.00 to Luis Flores, by check within |
| 5 |   | fifteen (15) calendar days of the Effective Date, in addition any Settlement |
| 6 |   | distribution to which each of them is entitled, and which shall be distributed |
| 7 |   | to them in accordance with subparagraph (A); |
| 8 | C. | State of California LWDA, the sum of $5,000.00 by check to the LWDA |
| 9 |   | within twenty (20) calendar days of the Effective Date; |
| 10 | D. | Altshuler Berzon LLP and Rastegar & Matern, jointly, by wire transfer, the |
| 11 |   | total amount of $1,080,000.00, or 30 percent of the Gross Settlement |
| 12 |   | Amount, for their attorney's fees and $97,207.56 for their litigation |
| 13 |   | expenses, within fifteen (15) calendar days of the Effective Date; and |
| 14 | E. | National Automotive Technician Education Foundation, by check, as *cy pres* |
| 15 |   | beneficiary, in accordance with paragraphs V.8.8 and V.8.11 of the |
| 16 |   | Settlement Agreement. |

19. The Notice informed Class Members that they would be mailed Settlement Payment checks only if they could be located during the Notice process. Notice, Dkt. 72-3 at 7 ¶12. The Notice further informed Class Members that funds from Settlement Payment checks that are not cashed will be redistributed. *Id.*, Dkt. 72-3 at 8 ¶13. The Settlement Payment checks sent to Class Members in this matter do not entitle the Class Members to the proceeds of the check. Class Members must negotiate the check issued to them within the stale date period set forth in ¶V.8.5 of the Settlement Agreement to perfect their right to receive payment from the Net Settlement Amount. Checks which are not negotiated by the stale date or regarding which there has not been a reissue request made by the stale date will become void. The recipient's interest in a payment from the Net Settlement Amount will upon the stale date be extinguished. The funds resulting from the voided checks and any related tax payments will become a part of the corpus of the Net Settlement Amount and will be subject to redistribution or tender to a cy pres recipient, as directed in ¶¶V.8.6-

1 V.8.10 of the Settlement Agreement.

2     20.    Without affecting the finality of the Settlement or the Judgment in any way, the Court retains jurisdiction over this Action and the parties, including all Class Members, for the administration and effectuation of the Settlement including, but not limited to, the ultimate distribution to the Class Members, payment of attorney's fees and expenses, the enhancement payment awards to the Class Representatives, payment to the State of California LWDA, and other issues related to this Settlement.

    21.    If the Settlement does not become final and effective in accordance with the terms of the Settlement, this Order of Final Approval and Judgment and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

IT IS SO ORDERED.

Dated: January  23 , 2015

_____
Hon. Charles R. Breyer
Judge, U.S. District Court

Approved as to form:

MORGAN, LEWIS & BOCKIUS LLP

Date: December 22, 2014     */s/ John Battenfeld*
                                              John Battenfeld

JOHN BATTENFELD
KATHY GAO
HIEN NGUYEN

Attorneys for Defendants
THE PEP BOYS – MANNY, MOE AND JACK
AND THE PEP BOYS – MANNY, MOE AND
JACK OF CALIFORNIA