Case 2:19-cv-04599-SVW-SS   Document 42-10   Filed 01/27/20   Page 1 of 5   Page ID #:514

# EXHIBIT G

COPY

1084.001
1.6

ORIGINAL FILED

122

MAY 31 2013

SUPERIOR COURT

James M. Finberg (SBN 114850)
Eve Cervantez (SBN 164709)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jfinberg@altber.com
Email: ecervantez@altber.com

Todd F. Jackson (SBN 202598)
Nina Wasow (SNB 242047)
LEWIS FEINBERG LEE RENAKER & JACKSON PC
476 9th Street
Oakland, California 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: tjackson@lewisfeinberg.com
Email: nwasow@lewisfeinberg.com

David Borgen (SBN 99354)
James Kan (SBN 240749)
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
Email: dborgen@gbdhlegal.com
Email: jkan@gbdhlegal.com

Attorneys for Plaintiff and the Plaintiff Class

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| ROBERT BELL, on behalf of himself and a class of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS SERVICES, LLC,<br><br>Defendant. | Case No. BC 438517<br><br>Assigned to: Hon. Teresa Sanchez-Gordon, Dept. 74<br><br>[PROPOSED] ORDER GRANTING COMMON FUND ATTORNEYS' FEES AND EXPENSES<br><br>Date:<br>Time:<br>Place: Department 74<br><br>Date Action Filed: May 25, 2010<br>Trial Date: None |

On May 29, 2013, the Court held a hearing on Plaintiff's Motion for Common Fund Attorneys' Fees and Expenses.

Having considered Plaintiff's memorandum of points and authorities in support of its motion, the supporting evidence, and the argument of counsel, the Court GRANTS Plaintiff's Motion for Common Fund Attorneys' Fees and Expenses.

1. Common Fund Attorney's Fees

Class Counsel seek an attorneys' fee award of $840,000, or 30 percent of the $2,800,000 settlement fund. "Courts recognize two methods for calculating attorney fees in civil class actions: the lodestar/multiplier method and the percentage of recovery method." *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 254 (2001). The Court finds that the requested attorneys' fees are reasonable under either method.

The lodestar is calculated by multiplying the reasonable hours expended by reasonable hourly rates for each attorney. *Id.* The lodestar can then be adjusted or enhanced with a multiplier, if appropriate. *Id.* Here, Class Counsel submitted declarations establishing both the number of hours expended on the case and the hourly rates for their services. The Court finds that the hourly rates set forth in these declarations are reasonable and in line with market rates for attorneys of similar experience in the San Francisco Bay Area, and that the number of hours expended, after the exercise of billing judgment by Class Counsel, as set forth in the declarations, is likewise reasonable. Based on this information, Class Counsel's total lodestar is $1,475,505.50. As such, the requested fee award of $840,000 is *less* than the lodestar value of Class Counsel's work. Indeed, Class Counsel are only requesting approximately 57 percent of their lodestar. Given this, the fee award sought is easily fair and reasonable under a lodestar analysis.

The requested fee award is also reasonable under a percentage-of-the-fund analysis. Thirty percent of the common fund is well within the range of what is commonly awarded for attorneys' fees in contingent class actions. *See, e.g., Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles*, 186 Cal. App. 4th 399, 403 (2010) (affirming settlement with 30% fee award in wage-and-hour class action); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008) ("fee

awards in class actions average around one-third of the recovery") (internal quotation marks omitted). Here, the fairness of a thirty-percent award is supported by the effectiveness of Class Counsel's legal representation, the results obtained, and the risks of continued litigation; the fact that Class Counsel undertook the representation on a contingency basis and to the exclusion of other paying work; and the positive response of the Class to the settlement. *See In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 556 (2009) (listing factors considered in determining fee award). Class Counsel's diligent investigation and vigorous litigation of the class claims positioned Plaintiff to settle this case for $2.8 million, thus providing meaningful monetary relief to the class and avoiding the risk and expense of protracted litigation. Moreover, in the nearly three years it has taken to resolve Plaintiff's claims, Class Counsel performed more than 2800 hours of work, without any payment from their client and to the exclusion of other paying work. Finally, the notice mailed to the class expressly stated that Class Counsel would be seeking up to 30% of the common fund, or $840,000, in attorneys' fees. No objections to the settlement or to proposed fee award have been received by counsel or the claims administrator.

For all of these reasons, the Court finds the requested fee award to be fair and reasonable. Accordingly, the Court hereby awards Class Counsel attorneys' fees in the amount of $840,000

2. Expenses

Class Counsel also seek $55,000 from the settlement fund as reimbursement for out-of-pocket expenses they incurred during this litigation. Class Counsel have submitted declarations summarizing the amount and purpose of the expenses incurred in this case. Having reviewed these declarations, the Court finds that Class Counsel properly seek reimbursement for the types of expenses ordinarily incurred in the course of litigation (for example, filing fees, deposition transcripts, and copying charges) and that these expenses were reasonably incurred for the benefit of the class. Moreover, the reimbursement requested is less than the $55,223.25 in out-of-pocket expenses that Class Counsel actually incurred. Finally, although the notice mailed to the class expressly stated that Class Counsel would seek up to $55,000 from the settlement fund as reimbursement for out-of-pocket expenses, no objections to the proposed reimbursement have been received by counsel or the claims administrator.

For these reasons, the Court finds that reimbursement of $55,000 for costs and expenses is justified. Accordingly, the Court hereby awards Class Counsel expenses in the amount of $55,000.

**IT IS SO ORDERED.**

Dated: 5-31-13

TERESA SANCHEZ-GORDON
Hon. Teresa Sanchez-Gordon
LOS ANGELES COUNTY SUPERIOR COURT JUDGE