# EXHIBIT H

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PIONEER ROOFING ORGANIZATION,

            Plaintiff,

    v.

SHEET METAL WORKERS LOCAL
UNION NO. 104,

            Defendant.

Case No. 15-cv-03544-JD

**ORDER RE ATTORNEYS' FEES AND COSTS**

Re: Dkt. No. 39

Defendant Sheet Metal Workers Local Union No. 104 ("Local 104") has filed a motion for attorneys' fees and costs. Dkt. No. 39. The Court finds the motion to be suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and grants the motion.

Local 104 asserts that it is entitled to its attorneys' fees and costs under Article X, § 6 of the Standard Form of Union Agreement ("SFUA"), which is the collective bargaining agreement between the parties in this case. Dkt. No. 39. That section provides:

> In the event of non-compliance within thirty (30) calendar days following the mailing of a decision of an LJAB, Panel or the NJAB, a local party may enforce the award by any means, including proceedings in a court of competent jurisdiction in accord with applicable state and federal law. If the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and attorney's fees in addition to such other relief as is directed by the courts. Any party that unsuccessfully challenges the validity of an award in a legal proceeding shall also be liable for the costs and attorney's fees of the opposing parties in the legal proceedings.

Dkt. No. 28-11 at 7.

Here, the Court previously denied plaintiff Pioneer Roofing's petition to vacate the decision and award of the Local Joint Adjustment Board, and granted Local 104's counterclaim to confirm the LJAB's arbitration award. Dkt. No. 37. That circumstance directly maps on to the plain language of the SFUA quoted above, and entitles Local 104 to its attorneys' fees and costs.

Although Pioneer Roofing re-argues its "jurisdictional dispute" point in its opposition, *see* Dkt. No. 46 at 2-3 ("it is evident that Article X does not grant LJAB the authority over jurisdictional disputes"), that is an argument the Court has already rejected. *See* Dkt. No. 37 at 4. The Court consequently awards Local 104 its attorneys' fees and costs under Article X, § 6 of the collective bargaining agreement, and declines to consider other possible bases for the award.

For the amount to be awarded, the Court finds that Local 104's requested fees and costs are within the reasonable range to be expected for this type of case. Local 104's request is further well-supported by detailed affidavits, time records and cost breakdowns, and the Court is satisfied with Local 104's reply responses to Pioneer Roofing's opposition arguments. *See* Dkt. Nos. 39, 46, 47. Pioneer Roofing's evidentiary objections lack merit and are overruled. Dkt. Nos. 46, 49.

Pioneer Roofing Organization is consequently ordered to pay to Local 104 attorneys' fees and costs in the amount of **$240,730.88**, by 30 days from the date of this order.

**IT IS SO ORDERED.**

Dated: March 21, 2017

_____
JAMES DONATO
United States District Judge