UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04599-SVW-SS | Date | 5/20/2020 |
|---|---|---|---|
| Title | *Howard Fan v. Delta Air Lines, Inc.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS [42]

## I.     Introduction

Lead Plaintiff Howard Fan ("Plaintiff") filed this motion seeking attorney's fees and costs on January 27, 2020 on behalf of Class Counsel Matern Law Group PC and Altshuler Berzon ("Class Counsel"). Dkt. 42. Defendant Delta Airlines Inc. ("Delta") has not opposed this motion, nor has any class member filed an objection to the settlement. For the reasons articulated below, the Court GRANTS Plaintiff's motion in part, awarding Class Counsel 25% of the total settlement amount, as well as all requested litigation costs.

## II.    Factual and Procedural Background

Plaintiff initially filed this class action lawsuit in the Northern District of California on March 22, 2019. Dkt. 1. On May 24, 2019, the case was transferred pursuant to stipulation to this Court. Dkt. 13. On July 24, 2019, the Court set a trial date of January 28, 2020. Dkt. 33. On Sept. 17, 2019 the parties filed a stipulation for settlement approval. Dkt. 37. On Oct. 15, 2019, Plaintiff filed a motion for preliminary approval of the class-action settlement. Dkt. 39. On Nov. 14, 2019, the Court granted preliminary approval. Dkt. 41. After notice to the class and an appropriate claims period, this settlement is now before the Court for final approval (discussed in a companion Order) and this motion for attorney's fees on behalf of Class Counsel. Dkt. 42; Dkt. 43.

: 

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04599-SVW-SS | Date | 5/20/2020 |
|---|---|---|---|
| Title | *Howard Fan v. Delta Air Lines, Inc.* | | |

Substantively. Plaintiff represents a statewide class of non-exempt Delta employees alleging California wage and hour violations based on Delta's alleged failure to calculate overtime properly arising from shift differential pay, Shared Rewards payments, profit-sharing payments, and the fair market value of pass travel privileges and Travel Companion Passes (which Plaintiff alleged was a form of in-kind compensation that Delta treats as taxable income to the employee). Dkt. 1 at 2-3. Plaintiff also alleged related derivative claims under the California Labor Code and Unfair Competition Law, including claims for failure to timely pay wages, failure to furnish accurate, itemized wage statements, failure to maintain required records, failure to pay all wages due to discharged and quitting employees, unfair and unlawful business practices (Cal. Bus. & Prof. Code § 17200 *et seq.*), and civil penalties under California's Labor Code Private Attorneys General Act of 2004 ("PAGA") (Cal. Labor Code § 2699 *et seq.*). *See generally id.*

The settlement agreement between the class and Delta creates a total settlement fund of $3.5 million, inclusive of all costs, attorney's fees, and PAGA penalties paid to the California Labor and Workforce Development Agency ("LWDA"), and payroll taxes incurred by Delta on class member settlement payments. Dkt 43-2. The settlement is entirely non-reversionary. *Id.*

### III. Legal Standard

In awarding attorneys' fees under Federal Rule of Civil Procedure 23(h), "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable." *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d at 941. In the Ninth Circuit, there are two primary methods to calculate attorneys fees: the lodestar method and the percentage-of-recovery method. *Id.* at 941–42. Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in the Ninth Circuit, the benchmark percentage is 25%. *Id.* at 942. The lodestar method requires "multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* at 941.

A district court has discretion in calculating fees, or approving a fee request, but it "abuses that discretion when it uses a mechanical or formulaic approach that results in an unreasonable reward." *In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988, 992 (9th Cir.2010) (internal quotation marks

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04599-SVW-SS | Date | 5/20/2020 |
|---|---|---|---|
| Title | *Howard Fan v. Delta Air Lines, Inc.* | | |

omitted). One way that a court may demonstrate that its use of a particular method or the amount awarded is reasonable is by conducting a cross-check using the other method. For example, a crosscheck using the lodestar method "can 'confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate.'" *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 945 (quoting *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 n. 40 (3d Cir.1995)).

Because the relationship between class counsel and class members turns adversarial at the fee-setting stage, district courts assume a fiduciary role that requires close scrutiny of class counsel's requests for fees and expenses from the common fund. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002); *see also In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) ("As a fiduciary for the class, the district court must 'act with a jealous regard to the rights of those who are interested in the fund in determining what a proper fee award is.' " (internal quotation marks omitted) (quoting *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994))); 4 William B. Rubenstein, Newberg on Class Actions § 13:40 (5th ed. 2012).

IV.   Analysis

As is customary in large-figure class action settlements, the Court acts within its discretion to first analyze the fee request under the common fund approach, and then cross-check this analysis with reference to the provided lodestar figures submitted by Class Counsel, to ensure the award is reasonable. *See Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *11-12 (N.D. Cal. May 4, 2018); *Smith v. Am. Greetings Corp.*, 2016 WL 362395, at *8-9 (N.D. Cal. Jan. 29, 2016).

a.   *Common Fund*

Plaintiff's motion for attorney's fees seeks 33.33% of the total settlement fund, for a total fee award of $1,166,666.67. Dkt. 42 at 7. Plaintiff acknowledges that the "benchmark" figure for fee award analysis under the percentage of a common fund approach is 25%. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). However, Plaintiff argues that "special circumstances" present in this case justify an upwards departure from this benchmark. Dkt. 42 at 8-9. Plaintiff identifies eight relevant factors for consideration, based on a district court decisions analyzing requested upwards adjustments to

:
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04599-SVW-SS | Date | 5/20/2020 |
|---|---|---|---|
| Title | *Howard Fan v. Delta Air Lines, Inc.* | | |

the benchmark. Dkt. 42 at 9 (citing to eight factors analyzed in *Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1116 (C.D. Cal. 2008)). The Ninth Circuit has similarly indicated that factors relevant for consideration of an upwards percentage fee adjustment include (1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generated benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case; (6) and whether the case was handled on a contingency basis and its duration.[1] *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *see also In re Optical Disk Drive Products Antitrust Litigation*, 2020 WL 2507359, at *6 (9th Cir. May 15, 2020).

The Court chooses to apply the six factors articulated by the Ninth Circuit, rather than the eight Plaintiffs address in their motion. While application of multifactor tests requires a certain element of subjective weighting of different factors, the Court does not believe that specific factors included in Plaintiff's test such as (1) counsel's experience and (2) counsel's skill each need to be separately considered and weighed in considering whether an upwards adjustment to the benchmark award is appropriate. Those factors strongly influence the billing rates used by counsel in calculation of their lodestar figures and are more properly considered through their impact on the lodestar cross-check analysis frequently used as a cross-check. Similarly, the Court is not convinced that the reaction of the class necessarily supports an upward adjustment to the attorney's fee award and is instead more relevant to the underlying question of whether final approval should be granted on the settlement. For the most part, the other factors raised by Plaintiff in his motion are similar to the factors the Court will analyze below.

    i. *Results Obtained*

Plaintiff argues that the results obtained here justify an upward adjustment to the 25% benchmark, because the claims in this case are premised on Delta's failure to pay a portion of premium wages, the type of limited recovery wage and hour claim that is not generally sufficient to produce

---

[1] In *Vizcaino*, the Ninth Circuit does no more than state that the district court's conclusion that a 28% fee award was below the market rate for similar contingency fee cases "d[id] not constitute an abuse of the court's discretion." 290 F.3d at 1049. Subsequent cases have emphasized that this factor entails inquiry into how long Plaintiff's counsel litigated the action on a contingency basis. *See In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 955 n.14 (9th Cir. 2015).

                                                                                                                                     :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04599-SVW-SS | Date | 5/20/2020 |
|---|---|---|---|
| Title | *Howard Fan v. Delta Air Lines, Inc.* | | |

substantial individual damage awards Dkt. 42 at 9. Plaintiff asserts that the expected recovery of $636.52 per class member is "excellent," and that because class members have not objected to the settlement amount, this factor favors granting an upwards adjustment to 33.33%. *Id.* at 10. Additionally Plaintiff asserts that the swiftness of the settlement following filing of the Complaint and discovery justifies granting the requested fee award. *Id.*

The Court does not find the result here to be so exceptional as to support an upward adjustment to the fee award. In Plaintiff's separate motion seeking final approval of the class settlement as a whole, he asserts that the settlement amount is equivalent to approximately 78% of the potential liability from what they assert to be Plaintiff's strongest claim, the regular rate overtime claim. Dkt. 43 at 11-12. But Plaintiffs do not provide a clear assessment of what fraction of total potential liability the settlement entails, preventing this Court from concluding that the result here was "exceptional." *In re Online DVD-Rental*, 779 F.3d at 954; *see also Taylor v. TIC - The Indus. Co.*, 2018 WL 6131198, at *7 (C.D. Cal. Aug. 1, 2018) (declining to conclude that an early settlement for a substantial fraction of potential liability necessarily constituted an "extraordinary" result). Plaintiff cites to a single Eastern District of California wage and hour case to compare the size of the recovery here, but the inherently fact-specific inquiry involved in cases based on wage violations and overtime pay prevents the Court from relying on that case as a comparison. *See Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) (finding that a recovery of $1,290,000 for 1,837 class members working at a meat-packing facility was a "favorable result").

    **ii.** *Risk Involved*

Plaintiff asserts that Delta's substantial resources and willingness to litigate this class-action strenuously created a substantial risk of non-payment, and that Plaintiff's Counsel should be compensated for the additional risk involved in taking on a case that could take years to bring to trial and potentially require a lengthy appeals process before its conclusion. Dkt. 42 at 13. Plaintiff argues that Class Counsel therefore faced substantial risk that it would not be paid for hundreds of hours of work in the event they failed to obtain class certification or establish liability under California wage and hour law. *Id.* Plaintiff also introduces a declaration by Class Counsel asserting that they chose to represent Plaintiff with the hope that they would receive a risk enhancement if they prevailed. Dkt. 42-1 at 11.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-04599-SVW-SS | Date | 5/20/2020 |
| Title | *Howard Fan v. Delta Air Lines, Inc.* | | |

A risk-based enhancement is (rightfully) included in any lodestar calculation to compensate attorneys, because providing attorneys a fee award solely including those hours they actually worked at their market rate would functionally reduce that market rate, because hours devoted to unsuccessful lawsuits would not be compensated. *See, e.g. Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016) (explaining certain circumstances where a risk enhancement is *required* when district courts utilize the lodestar approach to fee award analysis). But with respect to common fund analysis, the only risk Plaintiff has identified here is the risk endemic to class action litigating on a contingency basis— that in the event of a negative outcome, the attorneys will not be paid for the hours they worked. Plaintiffs do not assert that they expended substantial upfront financial resources, or otherwise took great risk in this case, and the total costs sought here (approximately $22,000) would not support such a finding. *See* Dkt. 42 at 22. Plaintiff's other arguments, that litigation could be time-consuming and would be undertaken against a well-resourced Defendant, would apply to nearly any large-scale wage and hour class action lawsuit initiated against a major employer. If the risk involved in such litigation was sufficient to support an upwards adjustment of the 25% benchmark, that figure would no longer constitute a benchmark. *See Taylor v. TIC*, 2018 WL 6131198, at *8 (risk of non-payment in event of negative outcome not an "extreme risk" meriting upwards adjustment).

   **iii.** *Additional Benefits to Class*

Plaintiff does not argue this factor in his motion, because (as discussed above) he applies a slightly different set of factors to argue for an upwards adjustment to the 25% benchmark. Given the record before the Court, there is no indication that this litigation resulted in additional benefits to the class that are not contained within the monetary settlement itself. The litigation involved no substantial motion practice or consideration of substantive California wage and hour law before the parties reached a settlement. The Court concludes that this factor does not support an upward adjustment of the 25% benchmark.

   **iv.** *Market Rate in Area*

The Court finds this factor to be largely circular in application to a large-scale wage and hour class action. The benchmark for attorney's fees in the Ninth Circuit is 25% of the common fund, and this

Initials of Preparer : PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04599-SVW-SS | Date | 5/20/2020 |
|---|---|---|---|
| Title | *Howard Fan v. Delta Air Lines, Inc.* | | |

is the most common fee award assessed in this district. *See Brooks v. Life Care Centers of America, Inc.*, 2015 WL 13298569, at *4 (C.D. Cal. 2015) ("Awarding the benchmark in mine run of wage and hour cases appears to be standard in this District."); *McKenzie v. Federal Exp. Corp.*, 2012 WL 2930201, at *11 (C.D. Cal. July 2, 2012) (same); *Sandoval v. Tharaldson Employee Management, Inc.*, WL 2486346, at *9 (C.D. Cal. June 15, 2010); *Taylor v. TIC*, 2018 WL 6131198, at *9. While Plaintiff has cited to cases approving fee awards of up to 33% in the wage and hour context, the Court's independent review of caselaw in this district leads it to conclude that the market rate for such fee awards remains 25%, and that nothing unique to this case favors such an upwards adjustment.

      **v.**  *Burden of Litigating the Case*

Plaintiff provides declarations by Class Counsel asserting that in the course of litigation prior to settlement they (1) interviewed class members regarding their claims, (2) reviewed hundreds of pages of relevant documents, (3) retained a statistician to analyze a large sample of time and payroll records, (4) took and defended depositions, (5) prepared and participated in an all-day mediation, and (6) made filings necessary to receive approval from this Court of the settlement agreement. Dkt. 42 at 10-11. This litigation conduct is standard in wage and hour class action litigation and does not support an upward adjustment to the 25% benchmark.

      **vi.**  *Duration of Contingency Representation*

Class Counsel took this case on a contingency basis. Dkt. 42-1 at 10; Dkt. 42-3 at 11. The lawsuit was filed in March 2019, and the parties announced a settlement in September 2019. This limited period of contingency representation, without any substantive motion practice, does not support an upwards adjustment to the 25% benchmark. As previously noted with regard to other factors this Court considered, finding that this factor supports an upward adjustment solely based on the fact that Class Counsel proceeded on a contingency basis (as nearly all wage and hour class action litigation is conducted) would lead this factor to support an upward adjustment whenever this analytical framework is utilized.

      **vii.**  *Conclusion*

Initials of Preparer    :    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04599-SVW-SS | Date | 5/20/2020 |
|---|---|---|---|
| Title | *Howard Fan v. Delta Air Lines, Inc.* | | |

After considering the factors discussed above, the Court concludes that Plaintiff has not established that this is an exceptional case where Class Counsel is entitled to an upwards adjustment of the 25% benchmark. The Court therefore finds that Class Counsel's work justifies a 25% fee award rather than the requested 33.33% fee award. The Court calculates this percentage of the $3.5 million total settlement to be $875,000.

    b. *Lodestar Cross-check*

As is customary, the Court checks this fee award against the lodestar, "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The declarations submitted by Class Counsel sufficiently document their hourly billing rates and show a combined hourly billing total of 549.6 hours incurred in the course of this litigation. *See* Dkt. 42-1 at 3-7; Dkt. 42-3 at 11-15. At the appropriately justified hourly rates for each of the attorneys employed by Class Counsel, this resulted in a total lodestar figure of $462,374.50. When compared to the common fund fee award this Court has calculated above, this results in a lodestar multiplier of 1.78. This provides a substantial risk enhancement to Class Counsel, and is consistent with many wage and hour cases in the Ninth Circuit. *See Acosta v. Frito-Lay*, 2018 WL 2088278, at *14 (1.94 lodestar multiplier); *Smith v. Am. Greetings Corp.*, 2016 WL 362395, at *8-9 (N.D. Cal. Jan. 29, 2016) (1.8 lodestar multiplier); *Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293, at *5 (S.D. Cal. Jan. 14, 2013) (1.5 lodestar multiplier).

    c. *Costs*

An attorney is entitled to "recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (citation omitted). To support an expense award, Plaintiffs should file an itemized list of their expenses by category and the total amount advanced for each category, allowing the Court to assess whether the expenses are reasonable. *Smith v. Am. Greetings Corp.*, 2016 WL 362395, at *9 (N.D. Cal. Jan. 29, 2016) (citations omitted).

Plaintiff has submitted evidence adequately documented litigation costs of $22,602.26 incurred during conduct of this litigation. *See* Dkt. 42-1 at 13-14; Dkt. 42-12. These expenses are properly

                                                                                                                               :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04599-SVW-SS | Date | 5/20/2020 |
|---|---|---|---|
| Title | *Howard Fan v. Delta Air Lines, Inc.* | | |

categorized and reasonable in light of the course of litigation overall. The Court awards $22,602.26 in costs to Class Counsel.

### V.  Conclusion

The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorney's fees. Class Counsel are awarded $875,000 in attorney's fees and $22,602.26 in costs. Final approval of the settlement and incentive payments to Lead Plaintiff Fan are addressed in a companion Order filed shortly after this Order.

:

Initials of Preparer
PMC